FLORENCE MORIARTY *vs.* H. C. GULLICKSON & another.

June 15, 1875.

Chattel Mortgage—Place of Filing.—Where the mortgagor in a chattel mortgage resides, and the property mortgaged is situated, in an incorporated village, the proper office in which to file the mortgage or a copy, under Gen. St. ch. 39, § 2, is the office of the town clerk of the town in which the village is situated, and it need not be filed in the office of the recorder or clerk of the village.

Appeal by plaintiff from a judgment of the district court
for Fillmore county, where the action was tried before *Page,*
J., a jury having been waived. In addition to the facts,
stated in the opinion, as to the place of filing of the chattel
mortgage, it was stipulated, as a fact in the case, that "no
alphabetical index of the chattel mortgage record was kept
in the office where said mortgage was filed or placed."

*H. R. Wells,* for appellant.

*Cameron & Losey,* and *R. A. Murray,* for respondents.

GILFILLAN, C. J. This is an action in replevin. The
plaintiff claims possession of the property under a chattel
mortgage from the owner. The defendant's claim is under
garnishee proceedings against the owner and another, in
whose possession the property was found. The *bona fides*
of the mortgage was established, and the only question made
on it was whether it was filed in the proper office. The
mortgagor resided, and the property was situated, in the
village of Lanesboro', and the mortgage was filed in the
office of the clerk of the town of Carrolton. It is claimed

that it ought to have been filed in the office of the recorder of the village of Lanesboro'.

Gen. St. ch. 39, § 2, enacts : " In each town such instruments shall be filed in the office of the town clerk thereof; and in the several *cities*, in the office of the recorder, clerk, or other officer in whose custody the records of the city are kept." When this section was passed there were a great many incorporated villages, as well as cities, in the state. Had it been intended to include in the section those municipal bodies which by the statutes are denominated villages, the legislature would have used the designation given to them by statute, and not used a name which is by statute applied to another class of such corporations. The territory whose inhabitants are incorporated as the village of Lanesboro' is still a part of the town of Carrolton, and the clerk's office of the town was the proper place to file the mortgage. The judgment must be reversed, and judgment entered for the plaintiff: