FIRST NATIONAL BANK OF FERGUS FALLS *vs.* MICHAEL ANDERSON.

March 12, 1878.

Chattel Mortgage—Mortgage Void—Delivery to Mortgagee of Mortgaged Property Before any Creditor had Proceeded Against Mortgagor.—C. executed to W. a chattel mortgage upon a stock of goods void as to creditors, because it contained a clause authorizing the mortgagor to remain in possession and make sales of the property without satisfaction of the mortgage debt.    Before any creditor took proceedings hostile to the mortgage, the mortgagor, part of the mortgage debt having fallen due, voluntarily, in good faith, delivered the property to the holder of the mortgage, for the purpose of being applied in payment of the mortgage debt, and authorized him to sell the property for that purpose. *Held*, that under this delivery and authority the mortgage creditor could hold the property against any creditor subsequently proceeding against the mortgagor.

Appeal by defendant from a judgment of the district court for Otter Tail county, *McKelvy,* J., presiding, adjudging that the plaintiff recover possession of the property described in the complaint, or the value thereof.

*E. E. Corliss* and *Edwin S. Chittenden,* for appellant.

*Mason & Williams* and *Chas. D. Kerr,* for respondent.

GILFILLAN, C. J.    Action in replevin.    Collins, the owner of the property, consisting of a stock of goods and fixtures in a store, being indebted to Wetmore upon twenty-two promissory notes, falling due successively at intervals of one month, amounting to $1,300, executed a mortgage upon it to Wetmore, to secure such indebtedness.    The mortgage contained the usual clause authorizing the mortgagee, upon default in payment of the principal or interest of the debt, or in case of

any attempt to remove, dispose of or injure the property, or if the mortgagor should not take care of it, or if the mortgagee should deem himself insecure, to take possession of the property and sell the same, and apply the proceeds to payment of the debt; and it also contained the further clause that as long as the conditions of the mortgage should be fulfilled, the mortgagor should remain in possession of the property; and he agreed to keep said property in as good condition as it was then in, excepting the usual sale of goods in carrying on the business of the mortgagor, and he agreed to keep the stock up to the amount then on hand.

The mortgagee assigned this mortgage to the plaintiff, and the mortgagor afterwards voluntarily turned over the possession of the property to the plaintiff for the purpose of being applied in payment of the indebtedness it was given to secure, and then authorized the plaintiff to sell the property and pay its claim against it. At this time no creditor of the mortgagor had commenced any proceedings against him, but afterwards a firm of his creditors recovered judgment and issued execution against him to this defendant, sheriff of the county, who thereunder levied on and took from the plaintiff the property then remaining. Hence this action.

By reason of the clause in the mortgage authorizing the mortgagor to remain in possession, and make sales of the property in the course of his business, without satisfaction of the mortgage debt, it was void as to the creditors of the mortgagor. *Horton* v. *Williams*, 21 Minn. 187. Notwithstanding the mortgage was void as against any creditor who should take proceedings hostile to it, while it was the only basis of the mortgagee's right, it did not prevent the mortgagor making any *bona fide* disposition of the property to the mortgagee subsequent to the execution of the mortgage, and if such disposition was made before any creditor of the mortgagor proceeded against it the right of the mortgagee would rest on that disposition, and not on the void mortgage.

The debtor in this case could, if acting in good faith, have

turned over the property to the creditor as security for the debt, and authorized him to sell it, and apply the proceeds to the debt, if no previous mortgage had been made; and the fact that a mortgage void as to creditors had been previously made did not disable the mortgagor in this respect. Under this delivery and authority to plaintiff it was entitled to hold the property. *Brown* v. *Platt,* 8 Bos. (N. Y.) 324.

Judgment affirmed.