WALTER MANN, Assignee, *vs.* MARK D. FLOWER and others.

March 7, 1879.

**Bankruptcy—Suits by Assignee.**—Notwithstanding U. S. Rev. St. § 711, state courts have jurisdiction of ordinary actions by an assignee in bankruptcy to recover the assets of the bankrupt.

**Action by real owner to recover proceeds of property paid into court in a suit between others.**—Where, in an action between two parties, claiming, through different titles, property which really belongs to one not a party to the suit, the court takes the property into its possession to abide the event, the real owner may bring suit in that court against the parties to such action, and demand that the court deliver the property to him. The cause of action in such suit by the real owner is only against the parties to the action in which the court holds the property, and is not a cause of action against others not connected with such action, although they may claim title to the property. In such action by the real owner, the cause of action is single, notwithstanding the defendants claim the property by different titles.

**Same—Fraudulent Chattel Mortgage—General Assignment, followed by Bankruptcy of Mortgagor.**—T. executed to F. a mortgage of personal property, fraudulent and void as to creditors. Afterwards, T. made, in good faith, an assignment of all his property for the benefit of his creditors, to C., who took possession of the mortgaged property. F. brought an action against C. to recover the property, and in that action, the court caused the property to be sold, and the proceeds brought into court, to abide the event of the action. After this, and more than six months after the assignment to C., T. filed his petition in bankruptcy, was adjudged a bankrupt, and an assignee in bankruptcy was appointed. *Held,* (1) That

as the mortgage was valid between the parties to it, the legal title to the property, as between them, passed to the mortgagee, leaving only a right of redemption in the mortgagor, which was all that passed to the voluntary assignee, such an assignee not being a purchaser for a valuable consideration, so as to be able to avoid the fraudulent mortgage; (2) that upon the appointment of the assignee in bankruptcy, the title attempted to be passed by the mortgage, to wit, the legal title, vested at once in him, and he was entitled to the possession; and that he might bring an action against F. and C., in the court where their action was pending, to enforce his right to the possession; (3) that such action is not analogous to a creditor's bill, and it is no objection to it that the claims against the bankrupt were not in judgment.

Plaintiff brought this action in the district court for Ramsey county, the facts stated in his complaint being in substance as follows: On September 4, 1875, one F. A. Taylor was duly adjudged a bankrupt, by the United States district court for Minnesota, on his own petition filed on that day, and the plaintiff is the duly appointed assignee of such bankrupt. On January 22, 1875, Taylor was a retail dealer in books and stationery at St. Paul, and on that day mortgaged his stock in trade to the defendant Flower, to secure an indebtedness of $6,893.94, evidenced by certain promissory notes. At the time the mortgage was made, it was agreed between the parties to it that Taylor should retain possession of the mortgaged property, and sell and dispose of it as his own, in the ordinary course of his retail business, without accounting to Flower for the proceeds of sales, or applying any part of the proceeds to the satisfaction of the mortgage debt; and from that time until February 15, 1875, Taylor, with Flower's knowledge and consent, conducted his business in the same manner as before the execution of the mortgage, and sold to various persons a portion of the mortgaged property. The complaint charges that the mortgage was delivered and received, with intent on the part of Taylor and Flower to hinder, delay and defraud the creditors of Taylor, and was void as to them, but valid as between the parties to it.

On February 15, 1875, Taylor assigned to the defendant

W. D. Cornish all the property mentioned in the mortgage,. in trust to pay the debts of Taylor, and Cornish took possession of such property. This assignment was subject to the rights of creditors as against the mortgage. Afterwards, Flower brought suit, in the district court for Ramsey county, against Cornish, to enforce the mortgage and recover the property or its proceeds, in which action such proceedings. were had that the property was sold for $5,337.50, and the proceeds paid into court, to abide the result of the suit, and to be paid to the party ultimately entitled to the same, which money still remains in the court, having been invested, etc.

Plaintiff further alleges that, as Taylor's assignee in bankruptcy, he is entitled to the fund in court, and that the defendants claim the same. The nature of the claim of the defendants Auerbach and Thompson is not stated. Judgment is demanded that the defendants be restrained from setting up any claim to the fund, or proceeding further in such suit;. that the fund be paid to plaintiff, and for general relief.

The defendants Flower, Thompson and Auerbach demurred to the complaint, upon the grounds stated in the opinion. The demurrers were sustained by *Simons*, J., and the plaintiff appealed.

*Geo. L. & Chas. E. Otis* and *Williams & Davidson*, for appellant.

*Palmer & Bell*, for respondents.

GILFILLAN, C. J. Appeal from an order sustaining demurrers to the complaint. The allegations of the complaint. are, in substance, that one Taylor, while doing business as a retail dealer in books, stationery, etc., being largely indebted to divers persons, executed to the defendant Flower a chattel mortgage upon all his stock, to secure a certain debt to him, with the understanding between them that Taylor should retain possession of the property, and sell and dispose of the same as his own, in the ordinary course of his business, without accounting to Flower for the proceeds, or applying them to the satisfaction of the debt; and that for a time Taylor did,.

with the knowledge and consent of Flower, conduct his business as before, and sell a portion of the property; and that the mortgage was executed with intent to hinder, delay and defraud Taylor's creditors. That afterwards, in February, 1875, Taylor made an assignment for the benefit of creditors, to Cornish, who took possession of the property; and, after that, Flower commenced a suit against Cornish in the court below, to enforce his mortgage and recover the property, or proceeds of the property, and such proceedings were had in the action that, by order of the court, the property was sold, and the proceeds brought into court to abide the result of the suit, and so remain. After this, Taylor was, upon his own petition, duly adjudged a bankrupt in the United States district court; and after an assignee ·had been appointed and removed, the plaintiff was duly appointed assignee in bankruptcy of Taylor, and as such sues for the proceeds of said property so in court, and asks that the same be paid to him. The defendants, Flower by himself, and Thompson and Auerbach by themselves, demurred to the complaint, on the grounds: 1. That the action is not brought within the time prescribed by law. 2. That the court has already adjudicated and determined that the money belongs to one of the parties in the action referred to. 3. That the plaintiff does not show himself entitled to the money. 4. That several causes of action are improperly united. 5. That plaintiff has no legal capacity to sue. 6. That the court has not jurisdiction of the subject of the action. 7. That the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained, on the last of these grounds.

The first and fifth of these grounds are not urged here, nor do we see that there is anything in them. We shall consider the others in their order, treating the third and seventh as one.

The second ground assigned is not true in·fact. The complaint shows an action pending for the money in controversy between other parties, from neither of whom does this plaintiff

derive his title, in which the court, to preserve the property, directed a sale, and the proceeds to be brought into court to abide the event of that action.   No judgment in that action, determining that either of the parties to it was entitled to the fund, appears from the complaint to have been rendered. Had there been such judgment, it could not have affected the rights of plaintiff, for he does not claim under Cornish, the voluntary assignee, nor under Flower, the mortgagee.   His title, if any he has, is vested in him by operation of the bankrupt law, for the benefit of the creditors, and as against which the mortgage under which Flower claims is void.   A determination in an action between two litigants claiming adversely to him of course could not bind him.

There is but one cause of action set up in the complaint. It is in the nature of a bill in equity to reach a fund so situated that it cannot be reached by any action at law.   The cause of action depends on the plaintiff's title and the situation of the fund.   Certainly, in an action for such cause, it is proper to join those at whose instance, and upon whose claim of title, the fund is so placed and held that it cannot be reached, except by such action.   If the property from which the fund proceeded were in the joint possession of Cornish and Flower, an action against both to recover the possession would lie; and it would be no answer to an action against both, that each claimed title from a separate source.   The title of each would be determined in such action.   Notwithstanding such separate claim of title, the cause of action against them would be single.

It is claimed that U. S. Rev. St., § 711, vested exclusive jurisdiction of actions by an assignee in bankruptcy, to recover assets of the bankrupt, in the courts of the United States. The bankrupt act of 1867, § 1, constituted the district courts of the United States courts of bankruptcy, and gave them original jurisdiction, within their respective districts, in all matters and proceedings in bankruptcy, and extended such jurisdiction "to the collection of all the assets of the bankrupt."

In *Lathrop* v. *Drake*, 91 U. S. 516, the question was, whether, by the jurisdiction thus conferred, suits to collect the assets belonged in each case solely to the district court in which the petition in bankruptcy had been filed, to the exclusion of district and circuit courts in other districts? It was held that it did not exclude jurisdiction of such actions in other district or circuit courts, and the court said: "The state courts may undoubtedly be resorted to in case of ordinary suits for the possession of property, or the collection of debts." In *Claflin* v. *Houseman*, 93 U. .S. 130, the question of the jurisdiction of state courts, in suits by assignees in bankruptcy to recover assets, was directly raised, and their jurisdiction sustained. The case depended on the act of 1867. It was decided in the supreme court after the Revised Statutes, and the court, referring to section 711, say, "whether this regulation will, or will not, affect the cognizance of plenary actions and suits, it is not necessary now to determine." See also *Eyster* v. *Gaff*, 91 U. S. 521.

Section 711 reads: "The jurisdiction vested in the courts of the United States, in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several states: * * * Sixth, of all matters and proceedings in bankruptcy." What are matters and proceedings in bankruptcy, it is not easy to define; but it seems to us, that they are such matters and proceedings (including remedies) as are created, provided and prescribed by the bankrupt law. With this definition, we cannot see that section 711 changed the rule of jurisdiction, as it existed under the act of 1867. Of such matters and proceedings the jurisdiction of the federal courts must necessarily have been exclusive, for congress cannot create a jurisdiction, nor regulate proceedings, in the state courts. The prosecution by an assignee in bankruptcy, as owner, of a remedy open to any owner of property, is not a matter or proceeding created, provided or prescribed by the bankrupt law, and, therefore, not a matter or proceeding, of which, either under the law of 1867, or the Revised Statutes,

exclusive jurisdiction was vested in the federal courts. It is, indeed, connected with the proceedings in bankruptcy in this, that in such action the assignee must derive his title through, and to establish it must prove, the proceedings in bankruptcy down to the assignment to him. But the same would be the case with a purchaser from the assignee, yet no one would claim that an action by such purchaser, to collect a debt assigned to him, or to protect his rights in property conveyed to him by an assignee, is a proceeding in bankruptcy. The court of appeals in New York, in *Kidder* v. *Horrobin*, 18 N. B. R. 146 ; 72 N. Y. 159, held that the state courts have jurisdiction, notwithstanding section 711, of actions by assignees in bankruptcy, to recover debts due the bankrupt. The court said, "when a common-law action is an appropriate remedy to enforce a right asserted by an assignee in bankruptcy, whether the right is given by the bankrupt act, or existed in favor of the bankrupt before the bankruptcy, an action to enforce or vindicate the right is not a matter or proceeding in bankruptcy, within section 711." This seems to be confined to a common-law action, and was as far as the court needed to go in that case. We can see no difference, however, in this respect, between an action at law and a suit in equity. Where the remedy sought is one to which any owner, without regard to how he got his title, is entitled, we think the state courts are open to an assignee in bankruptcy, as well as to any other owner.

The question remains, does the complaint state a cause of action in favor of the plaintiff?

The agreement between Taylor, the mortgagor, and Flower, the mortgagee, made at the time the mortgage was executed, that the mortgagor should retain possession of the property, and sell and dispose of the same as his own in the ordinary course of his retail business, without accounting to the mortgagee for the proceeds of sales made by him, and without applying any portion of such proceeds to satisfaction of the mortgage debt, was conclusive of an intent to defraud the

creditors of the mortgagor, and rendered the mortgage fraudulent and void as to them. *Chophard* v. *Bayard*, 4 Minn. 418, (533;) *Horton* v. *Williams*, 21 Minn. 187; *First Nat. Bank* v. *Anderson*, 24 Minn. 435; and *Stein* v. *Munch*, 24 Minn. 390. Under the bankrupt law, U. S. Rev. St. § 5046, the property conveyed by the mortgage vested in the assignee in bankruptcy at once upon his appointment. To enforce and vindicate this title, the action is brought. And here it may be well to state how the interests in the property described in the mortgage stand. The mortgage, though void as to creditors, was good between the parties to it. As between them, it passed the legal title of the property to the mortgagee, leaving a right of redemption in the mortgagor. 4 Kent. 138–9; 2 Hilliard on Mort. 439, 476, 556. Cornish, the voluntary assignee, was not a purchaser for a valuable consideration, so as to be able to avoid the prior fraudulent mortgage. *Gere* v. *Murray*, 6 Minn. 213, (305;) *Bennett* v. *Ellison*, 23 Minn. 242. By the assignment he could take only the interest remaining in the mortgagor after the mortgage was executed, to wit, the equity of redemption. See *Flower* v. *Cornish*, *ante*, p. 473. Had the petition in bankruptcy been filed within six months, it would have avoided the voluntary assignment, and then the legal title and the equity of redemption would have been united in the assignee in bankruptcy. But it was not filed within the six months; and as it is not alleged that the assignment to Cornish was fraudulent as to creditors, it is good against the assignee in bankruptcy, and holds the equity of redemption in the voluntary assignee. So that the plaintiff is the owner of the title attempted to be conveyed by the fraudulent mortgage, to wit, the legal title, and defendant Cornish is the owner of the equity of redemption. Though Cornish does not appear to have demurred to the complaint, and therefore has not appeared in this appeal, it is not improper to say that as against him, the plaintiff, being the legal owner, is entitled to the possession of the property.

The court below appears to have overlooked the relations

to the property, of Cornish, the assignee of the right of re-demption under the assignment which plaintiff is not in position to assail, and of the plaintiff, in whom the bankrupt law vested the title which Taylor attempted to pass by the fraudulent mortgage to Flower; for, without noticing the fraudulent character of the mortgage, and the operation of the bankrupt law upon the title attempted to be passed by it, the court held that as the plaintiff cannot attack the assignment to Cornish, he has no title or interest in the property, and cannot maintain the action. But as we have seen, the title is in plaintiff, notwithstanding the assignment to Cornish is valid. Of course, the mortgagee in the fraudulent mortgage can have no right to the property against the assignee in bankruptcy.

The defendants argue that the action is in the nature of a creditors' bill on behalf of the creditors, and that as the creditors could not maintain such a suit without judgments on their claims and executions returned unsatisfied, the plaintiff cannot maintain the action, there having been no judgment and execution on the claims of the creditors.

If the bankrupt law merely gave to the assignee the remedies which the creditors would have had if the proceedings in bankruptcy had not been instituted, there might be something in the argument. But the bankrupt law, instead of vesting in the assignee the remedies of the creditors against the property by judgment, execution and creditors' bill, vests in him at once the title to the property—makes him the owner. His remedies to reduce it to his possession are the same as any owner's. He may take the property, if he can, or he may bring any proceeding to recover it, if detained from him.

Where, in an action between parties claiming property which really belongs to one not a party to the action, the court takes the property into its possession, the owner may bring an action in that court against such parties, and demand that the court cause the property to be delivered to him. That is the only remedy that he has. He cannot take it out

of the court by his own act, nor can he take it by replevin. Such an action brought by an assignee in bankruptcy is in no way analogous to a creditor's bill. The cause of action, however, is not against the defendants Auerbach and Thompson. Whatever claim (if any) they may make to the fund, they are in no way connected, so far as the complaint shows, with the action in which it is held. As to their demurrer, the order of the court below is affirmed, and reversed as to defendant Flower.