STEWART BANNON *vs.* SAMUEL BOWLER.

January 15, 1886.

**Chattel Mortgage — Possession and Power of Sale in Mortgagor — Fraud.**—A mortgage of a stock of goods left in the possession of the mortgagor, and which, by its terms, authorizes him to dispose of the mortgaged property as his own, without satisfaction of the mortgage debt, is fraudulent in law as against the creditors of the mortgagor. But if the mortgage require the proceeds of the sales to be paid directly to the mortgagee in the payment of such debt, it is not necessarily fraudulent.

**Same—Proof of Bona Fides—Preference.**—Where possession is retained by the mortgagor, the burden of proof rests on the mortgagee to show that a chattel mortgage was executed in good faith. But in the absence of proceedings under the insolvent act, a mortgage is not to be deemed fraudulent or void simply because it was intended to prefer the mortgagee to other creditors.

**Same—Place for Filing.**—In this case the mortgaged property was situated in the borough of Belle Plaine, where the parties also resided. By the act creating such borough, (Sp. Laws 1868, c. 36,) it remained, for all purposes not designated in such act, a part of the town of Belle Plaine. *Held*, that the chattel mortgage in question was properly filed in the office of the town clerk of the town of Belle Plaine, and that the provisions of Laws 1883, c. 38, do not include such "boroughs.

**Appeal—Review of Findings.**—Where a case is tried by the court, its findings and decision may be reviewed without a previous motion for a new trial.

Plaintiff brought this action in the district court for Scott county to recover the value of goods alleged to have been converted by the defendant. The action was tried before *Macdonald*, J., without a jury, and the following facts were found by the court: On June 30, 1884, the firm of Anderson & Melquist were indebted to plaintiff in the sum of $275, and to secure the payment thereof exe-

cuted and delivered to plaintiff a chattel mortgage upon the property claimed to have been converted by defendant. This mortgage was duly filed on the same day in the office of the town clerk of the township of Belle Plaine. When plaintiff took this chattel mortgage, he knew that Anderson & Melquist were insolvent, and took and accepted the same for the express purpose of securing a preference over the other creditors of the firm, and to prevent and delay such creditors in the collection of their claims until said firm had paid said mortgage. On July 1, 1884, the firm of Anderson & Melquist made an assignment to defendant for the benefit of their creditors without preference, and defendant immediately took possession of the goods and merchandise mortgaged to plaintiff. The defendant had no actual notice of plaintiff's mortgage when he took possession of the goods. Prior to the commencement of this action, the plaintiff duly demanded of defendant all the goods covered by his mortgage, which demand was refused. By plaintiff's mortgage it was provided that the mortgagors should remain in possession of the goods mortgaged, and "that all moneys arising from the sale of said goods while in possession thereof shall be paid to the said party of the second part, to apply on this mortgage." The court further found "that it has not been made to appear that said mortgage was made in good faith and not to defraud any creditor," and upon these facts directed judgment for defendant, from which judgment plaintiff appeals.

*E. Southworth,* for appellant.

*R. A. Irwin,* for respondent.

VANDERBURGH, J. Anderson and Melquist, merchants, were, on the 30th day of June, 1884, indebted to the plaintiff in the sum of $275, which they had previously borrowed of him, and for which he had no security. All the parties resided in the borough of Belle Plaine, in the county of Scott. On that day they executed to him a chattel mortgage upon a stock of goods then owned and possessed by them, conditioned for the payment of such debt. It was provided therein that until condition broken the mortgagors should remain in possession, and also that the proceeds of sales of the goods while in their possession should be paid to the mortgagee, to be applied on his mortgage. It contained no other provision in respect to sales.

1. It is well settled that a mortgage of chattels, as a stock in trade, left in possession of the mortgagor, and which by its terms authorizes him to dispose of the mortgaged property as his own, without satisfaction of the mortgage debt, is to be deemed fraudulent in law as against the creditors of the mortgagor. *Horton* v. *Williams,* 21 Minn. 187, and cases cited. Such a provision would allow the mortgagor to apply the property to his own use and benefit, leaving the amount of the mortgage undiminished. Meanwhile the lien of the same would remain a cover for the protection of the debtor against the claims of creditors. On the other hand, a stipulation in the mortgage providing for the application of the proceeds of sales directly to the mortgage debt is liable to no such objection. The debt is diminished as sales are made, the proceeds of which go to the mortgagee, and not to the mortgagor; and it is immaterial whether the mortgage debt be so satisfied through sales made by the mortgagee, or for him through the agency of the mortgagor. *Conkling* v. *Shelley,* 28 N. Y. 360; *Brackett* v. *Harvey,* 91 N. Y. 214; *Robinson* v. *Elliott,* 22 Wall. 513, 524. This distinction is suggested in *Horton* v. *Williams,* 21 Minn. 187; and in *Chophard* v. *Bayard,* 4 Minn. 418, (533,) stress is laid on the fact that the mortgage did not provide in that case for the payment to the mortgagee of the proceeds received from the sales of the goods. The mortgage in this case was not fraudulent on its face. Whether it was fraudulent in fact remains open for inquiry.

2. There was no change of possession; hence the burden rested upon the plaintiff to establish the good faith of the transaction, and this we think sufficiently appeared. There was no conflict in the evidence. The mortgagors, Anderson & Melquist, had previously borrowed this money of him, without security, to enable them to satisfy the pressing claims of their creditors. Information as to their financial condition caused him to feel insecure. He applied for security, and obtained this mortgage. The evidence discloses no other purpose than to secure him. The next day they were sued, and immediately made a general assignment under Gen. St. 1878, c. 41, § 23. No judgments had been recovered or attachments issued against them. It is true, the effect of the mortgage was to give him a preference, but it appears to have been an honest one. The transaction

was a lawful one, and no attempt appears to have been made to avoid such preference under the insolvency act. In the absence of proceedings under that act, the mortgage is not to be deemed fraudulent or void simply because it was thereby intended to prefer the plaintiff to other creditors. *Berry* v. *O'Connor*, 33 Minn. 29.

The case having been tried by the court without a jury, its finding and decision on this question were subject to review on appeal from the judgment, without a previous motion for a new trial. *Jordan* v. *Humphrey*, 31 Minn. 495.

3. The chattel mortgage in question was filed with the town clerk of the town of Belle Plaine, and not with the recorder or clerk of the borough of Belle Plaine. The point is made by the respondent that it should have been filed with the clerk of the borough. The legislation on the subject leaves the matter in a state of some uncertainty; but we think the better opinion is that it was filed in the proper office, and that the provisions of the statute (Gen. St. 1878, *c.* 39, § 2, as amended by Laws 1883, *c.* 38) requiring chattel mortgages to be filed with the clerks or recorders of cities and villages where the mortgaged property is situated, etc., do not reach or include the class of municipal corporations styled "boroughs," created and organized under special acts of the legislature. They are so specially designated in the several acts of incorporation, but are not named in the act of 1883 referred to; while in other acts of the legislature we find boroughs distinctly named in connection with cities and villages. Laws 1881, *c.* 93; Laws 1885, *c.* 196. Before the amendment, villages were not designated in the statute, and this court held that they were not intended to be included in it, because they were not named. *Moriarty* v. *Gullickson*, 22 Minn. 39. The same argument appears to be applicable to the class of municipal bodies incorporated under the name of "borough." In the case of the borough of Belle Plaine, which was organized under Sp. Laws 1868, *c.* 36, it is provided in the act of incorporation (section 24) that "in all respects not herein provided for, the borough of Belle Plaine shall constitute and be a part of the town of Belle Plaine." The town clerk and other town officers still continue to be the officers of the territory included in the borough, except in so far as their jurisdiction is taken

away by the other provisions of the act. The provisions of a special act of incorporation are not to be considered as repealed or modified by a general law unless the intention to do so is manifest. It ought not to be left a matter of doubt. It is therefore not necessary in this case to determine the question whether a general assignee for the benefit of creditors is entitled to the same preference over a prior unrecorded mortgage as is given to subsequent purchasers or mortgagees in good faith.

Reversed, and remanded, with directions to render judgment for the plaintiff.