STATE OF MINNESOTA *ex rel.* Michael McCarthy *vs.* WILLIAM FITZGERALD.

May 16, 1887.

Constitution—Election Districts.—An act of the legislature assuming to establish a second election district in an organized town, *held* to be unconstitutional, in the absence of any provisions of law under which an election can be held in said district.

*Quo warranto.* Upon the return of the writ the matter was heard upon respondent's demurrer to the information. The information, after setting out the legislation referred to in the opinion, alleged that after the passage of the act of 1887 an annual town meeting was held on March 8, 1887, in the borough of Belle Plaine, at the place designated, prior to the passage of the act of 1887, for the holding of the annual election of the town, and at such town meeting an election was held, at which the respondent was elected to the office of town clerk; that a portion of the voters of the town, residing outside of the borough, voted at such election; that the respondent was and still is a resident of the borough, and has in form duly qualified and assumes to act as the town clerk; and that on March 19, 1887, upon notice given pursuant to Gen. St. 1878, *c.* 10, § 51, a special town meeting was

held, at which an election was held and the relator was duly elected town clerk, and thereafter duly qualified.

*Peck & Brown* and *J. McHale*, for relator.

*R. A. & F. C. Irwin*, for respondent.

BERRY, J. In 1868 the borough of Belle Plaine was carved out of the town of Belle Plaine, and for certain municipal purposes clothed with a distinct corporate existence; but for others, including the election of town officers, it remained part of the town. Sp. Laws 1868, c. 36, § 24; *Bannon* v. *Bowler*, 34 Minn. 416, (26 N. W. Rep. 237.) As a general rule, every organized town is one election district or precinct. Gen. St. 1878, c. 1, § 2.

Under the general statute, the only place for holding the annual town meeting for the town of Belle Plaine for 1887 was at the place where the last preceding annual meeting was held in the borough. In this state of facts, the legislature, on January 29, 1887, passed an act entitled "An act to detach certain territory from the borough of Belle Plaine, Scott county, and to create therefrom a new election district," and providing that all of certain described territory, (being that embraced in the entire town of Belle Plaine,) "except the part thereof now belonging to and being contained in the borough of Belle Plaine, shall be detached from the said borough of Belle Plaine for election purposes, and constitute a separate election district or precinct." Sp. Laws 1887, c. 328.

In our judgment, the intended effect of this legislation was to divide the town of Belle Plaine into two election districts or precincts; one consisting of the borough, the other of the rest of the town; the town, however, still continuing to be a unit or entirety. This is the only sensible meaning which we are able to attach to the language of the act, although we dare say it is not that which its framer had in mind.

But with this meaning the act is unconstitutional. The constitution (article 11, § 4) requires that "provision shall be made by law for the election of such county or township officers as may be necessary." This requirement has been complied with by appropriate legislation. Article 7, § 1, of the constitution, further provides, in substance, that every qualified elector shall be entitled to vote, *in his election district*, "for all officers that now are or hereafter may be elec-

tive by the people." These provisions of the constitution, in connection with the legislation making certain officers elective, clearly confer upon a duly-qualified elector of a given town the right to vote for such officers in an election district in which he resides. At the time when the act of 1887 was passed, the town of Belle Plaine constituted one election district, and therefore every elector of the town was entitled to vote therein for town officers. A legislative act taking away this right from an elector of such town deprives him of his constitutional right of suffrage. This is the effect of the act of 1887 if it be upheld; for there is no provision of law under which an election can be held in the proposed new election district, and therefore none under which an elector residing therein can exercise the right of suffrage. And as, under the constitution as well as the statute, the right of voting must be exercised in the election district in which a given elector resides, the result in a case like this at bar, if no machinery is provided for its exercise *there*, is that the elector is deprived of his constitutional right of suffrage if a law taking him out of a district in which *he has the right to vote*, and forming a new district in which his residence falls, (in the same town,) in which *he has not the right to vote*, is allowed to stand.

Upon these considerations we are of opinion that the act of 1887 is unconstitutional. It follows that the town of Belle Plaine remains one election district as before its passage, and that, therefore, the annual town meeting at which the respondent was elected town clerk was the legal and regular meeting of said town, and the respondent's election valid.

Let judgment be entered for respondent accordingly, with his costs.