FRANK FILEBECK *vs.* ED. S. BEAN, Sheriff.

January 30, 1891.

Chattel Mortgage — Fraud on Creditors — Power of Disposition in Mortgagor.—*Held*, that the evidence did not show that the execution of a chattel mortgage was coupled with an agreement that the mortgagor might dispose of the property as his own, without satisfaction of the mortgage debt. At most, the question was one for the jury. Following *Horton* v. *Williams*, 21 Minn. 187.

Plaintiff brought this action in the district court for Ramsey county, to recover for the conversion of a retail stock of goods, claimed by him under a mortgage from Stahl & Martin, the owners, and taken by defendant, as sheriff of the county, from the plaintiff's possession, by virtue of an execution on a judgment against the mortgagors. At the trial, before *Kelly*, J., the plaintiff had a verdict of $800.75. The defendant appeals from an order refusing a new trial.

*William G. White*, for appellant.

*John L. Townley*, for respondent.

MITCHELL, J.[1]   The only issue in this case was whether the chattel mortgage under which plaintiff claimed was executed in good faith, and not for the purpose of defrauding the creditors of the mortgagors. The fact that it was executed to secure an actual indebtedness of the mortgagors to the mortgagee is not controverted, and the evidence was ample to justify the jury in finding that it was executed for the honest purpose of securing that indebtedness, and without any purpose of defrauding creditors.   The only ground upon which defendant claims that the mortgage was fraudulent is that it appears that its execution was coupled with an agreement that the mortgagors might retain possession of the mortgaged property, and sell it as their own, without satisfaction of the mortgage debt.   The evidence does not support this claim.   No such intent or agreement is apparent in the mortgage itself.   The only evidence in the least tending to indicate the existence of any such understanding is the fact that, during the few days intervening between December 26th, the date of the mortgage, and January 3d, the mortgagors continued to sell at retail, as before, out of the stock, coupled with the further fact that it does not appear what disposition was made of the proceeds of sales during that time, from which it may be inferred that they were retained by the mortgagors.   The case is fully covered by *Horton* v. *Williams*, 21 Minn. 187.   To render a mortgage fraudulent the intent to defraud must exist when the mortgage is made.   The mortgagor's subsequent conduct in dealing with the property, while it may furnish strong evidence of fraud in making the mortgage, will not of itself render the mortgage void.   The bare fact that, for a few days after the execution of the mortgage, the mortgagors retained as their own the proceeds of sales, is certainly not conclusive that the execution of the mortgage was coupled with an agreement that they might do so, especially in view of the fact that it appears that during this time the mortgagee, through his attorney, was calling on the mortgagors for payment of the mortgage debt.   The very most that can be claimed for the evidence is that it made a case for the jury.

[1] Vanderburgh, J., took no part in this case.

There was sufficient foundation laid for the introduction of secondary evidence of the two subsequent writings between the mortgagors and mortgagee, although we do not see that they cut any figure in the case except in so far as they might tend to throw light upon the original intent with which the mortgage was executed. The case was submitted to the jury exclusively upon the question of the validity of the mortgage.

Order affirmed.