THE JOSEPH M. HAYES WOOLEN CO. *vs.* WILLIAM D. GALLAGHER.

Submitted on briefs Oct. 8, 1894.   Affirmed Oct. 16, 1894.

No. 8863.

Findings supported by the evidence.

*Held*, the findings of fact are sustained by the evidence.

A chattel mortgage made to defraud creditors.

A chattel mortgage *held* void as made with intent to hinder and delay the creditors of the mortgagor.

Appeal by plaintiff, The Joseph M. Hayes Woolen Company, a corporation, from an order of the District Court of Hennepin County, *Robert D. Russell*, J., made March 24, 1894, denying its motion for a new trial.

Julius H. Krueger was a merchant tailor carrying on business at Minneapolis.   The plaintiff was doing business at St. Louis, Mo., and on September 1, 1893, sold Krueger goods to the value of $1,058. Three days thereafter at his request it paid off a mortgage of $300 on his stock, held by J. H. Thompson and took a new mortgage on his entire stock of goods for $1,358 which was duly filed September 4.   He continued in possession and sold goods and used the proceeds and plaintiff knew this.   He never made any report or accounting to plaintiff of his sales.   On November 14, 1893, Krueger, being insolvent, assigned to defendant, William D. Gallagher in trust for his creditors.   Gallagher took possession of so much of the mortgaged property as remained unsold inventoried at $950. Plaintiff demanded these goods claiming title under its mortgage. Being refused it brought this action to recover their value.   The

trial court held the chattel mortgage to be fraudulent as against Krueger's creditors and ordered judgment for defendant. Plaintiff moved for a new trial. Being denied it appeals.

*Keith, Evans, Thompson & Fairchild,* for appellant.

*Gallagher & Gallagher,* for respondent.

CANTY, J.   On September 1, 1893, the plaintiff sold on credit to the insolvent, Krueger, a merchant tailor, goods of the value of $1,058. At that time there was a chattel mortgage to a third party on his stock of merchandise, the balance due on which was $300. On September 4th plaintiff paid this mortgage at the request of Krueger, who then gave plaintiff a new chattel mortgage on his stock for $1,358, being the amount of this $300 and the $1,058 owing by him to plaintiff as aforesaid. Krueger afterwards paid plaintiff $300 on this mortgage.

Thereafter, on the 14th of November, 1893, Krueger, being insolvent, made an assignment to the defendant for the benefit of his creditors, under Laws 1881, ch. 148, as amended. The assignee qualified, and took possession of said mortgaged stock, and plaintiff brought this action against him for damages for the conversion of the same. The case was tried by the court below without a jury on a stipulated statement of facts. The court found as a fact that at the time the last-named mortgage was executed "it was the intention of both the mortgagor and mortgagee therein that said mortgagor should remain in the possession of all said property, sell the same in the usual and ordinary course of trade, and apply the proceeds of such sales to his [the mortgagor's] use."

As a conclusion of law the court found that said mortgage was fraudulent and void, and ordered judgment for the defendant. From an order denying its motion for a new trial, plaintiff appeals.

It is assigned as error that the evidence does not sustain the findings of the court or the order for judgment.

The stipulated facts contain a letter written by Krueger to plaintiff on September 6th, complaining that plaintiff's agent, after he procured the new chattel mortgage, had prohibited Krueger from selling any of the mortgaged goods, and asking permission to do so. On September 8th plaintiff answered, stating: "Of course we want nothing done which will affect the validity of our mortgage, and if,

under the laws of Minnesota, you can manufacture articles out of the goods covered by the mortgage, and apply the proceeds to the payment of the indebtedness, we have no objections to your doing so."

No further correspondence or communication between the parties in reference to the matter appears. But it is further stipulated in said statement of facts: "That said stock of goods so covered by said chattel mortgage was all of the stock that the said Krueger had in his business as such merchant tailor, and, after the said mortgage was so placed on said stock, said Krueger continued to carry on his business in every respect as he did before said mortgage was executed, and continued in possession of said stock, and to sell from said stock at retail, and to use it as his own stock in the conduct of his business, of all of which facts the plaintiff had knowledge during said period between September 4 and November 14, 1893; that said Krueger sold at retail, out of said mortgaged property, goods to the amount of $750, between the 4th day of September, 1893, and the 14th day of November, 1893; that said Krueger never made any accounting to said plaintiff of his sales at retail from the goods covered by said mortgage during the time from September 4th and up to November 14th, the time of his assignment to defendant."

These are the principal facts stipulated, and all that it is necessary here to mention. In *Horton* v. *Williams*, 21 Minn. 187, it is said: "The conduct of the parties in dealing with the mortgaged property may, however, furnish evidence in some cases amounting to a moral certainty that the mortgage was executed with a fraudulent intent. Thus, in the case of a mortgage on a stock of goods in a retail shop, where the mortgagor continues in possession, making sales from day to day as owner, and dealing with the goods and the proceeds as his own, with the mortgagee's knowledge and assent, it is extremely difficult to resist the conclusion that this course of conduct on the part of the mortgagor was contemplated and intended by the parties when the mortgage was made."

It may be added that when the mortgagee has knowledge that the mortgagor is thus disposing of the stock, and does not object, it is evidence from which the trial court may find that the mortgagee consented to the acts of the mortgagor. We are of the opin-

ion that there is sufficient evidence to sustain the findings of the court below.

The correspondence between the mortgagor and mortgagee after the making of the mortgage is not in any manner conclusive or controlling in determining the question of the fraudulent intent of the parties in making the mortgage.

The order appealed from should be affirmed. So ordered.

(Opinion published 60 N. W. 343.)