MINNESOTA AGRICULTURAL CO. *vs.* NORTHWESTERN ELEVATOR CO.

Submitted on briefs Oct. 22, 1894.   Reversed Oct. 26, 1894.

No. 8948.

**Filing chattel mortgages and seedgrain notes in villages.**
Under 1878, G. S. ch. 39, § 22, as amended by Laws 1883, ch. 38, a village is no part of the township in which it is situated, for the purpose of filing chattel mortgages and seedgrain contracts; the effect of the amendment of 1883 being to change the rule of *Moriarty* v. *Gullickson,* 22 Minn. 39.

**Same—Burden of proof.**
Where the land on which the seed is sown is partly within a village and partly in the town outside the village, and the borrower resides in the village, but the contract is filed only in the office of the town clerk, such filing is insufficient to constitute a lien on the grain raised on the land within the village.

Appeal by defendant, the Northwestern Elevator Company, a corporation, from an order of the District Court of Stevens County, *Calvin L. Brown,* J., made February 10, 1894, denying its motion for a new trial.

On May 26, 1892, the plaintiff, the Minnesota Agricultural Company, a corporation, sold and delivered to John Peerbooms eighty bushels of flaxseed at ninety five cents per bushel and took from him as security his seedgrain note for $76 and interest due November 1, 1892, and stating that it was given for flaxseed to be sown upon the north half of section nine (9) T. 123, R. 41, in Stevens County. The east half of this land is in the village of Hancock; the west half in the town of Moore. Plaintiff filed the note May 27, 1892, in the office of the town clerk of the town of Moore. It was never filed in the office of the recorder of the village of Hancock. Peerbooms lived in the village. On which half of the land this seed was sown was not shown. Peerbooms harvested and threshed the crop. He raised about 700 bushels from this seed and sold about half of it to defendant and the residue to other buyers and received the price. He paid plaintiff $40 on the note. Not getting the balance, plaintiff demanded of defendant the flaxseed it had bought of Peerbooms. Being refused it brought this action to recover $42

damages for conversion. On the trial the Judge instructed the jury that the filing of the seedgrain note in the office of the town clerk of the town of Moore was sufficient notice as to the whole land described therein. To this charge defendant excepted. The jury found for plaintiff and assessed its damages at $43.32, the amount remaining unpaid on its note. Defendant moved the court to grant a new trial, but was refused and it appeals.

*Wilson & Van Derlip*, for appellant.

The amount involved in this suit is too insignificant to justify bringing the case into this court, if it did not involve the proper construction of the statute in respect to the place of filing of seedgrain notes in order to create a lien. The defendant's contention is, that the filing in this case was insufficient, and that the court erred when it instructed the jury that the filing of the note in the town of Moore was sufficient notice as to the whole of the land described in the seedgrain note.

Laws 1875, ch. 93, § 2, provides that the note or copy thereof shall, in order to constitute a lien, be filed with the town clerk of the town in which the borrower resides, or in which the land on which the seed is sown is situated. By Laws 1883, ch. 38, the act of 1875 was amended by inserting after the words "town clerk of the town" the words "or clerk or recorder of the city or village." This amendment was suggested by the decision of this court in the case of *Moriarty* v. *Gullickson*, 22 Minn. 39. See also *Bannon* v. *Bowler*, 34 Minn. 416.

*S. A. Flaherty*, for respondent.

While the statute mentions certain particulars that a seedgrain note should state, it does not require the note to contain a description of the land upon which the grain is to be sown. 1878 G. S. ch. 39, § 21. The note to constitute a lien should be filed with the town clerk of the town in which the borrower resides, or in which the land on which the seed is sown is situated. The actual residence of the debtor *or* the place where the seed is actually sown controls the place of filing, not the statements in the instrument. In this case the borrower represented that he resided in the town of Moore and that the seed was to be sown on the north half of section

nine, while in fact he resided in the limits of the village of Hancock and sowed the seed on the northwest quarter of the section, the tract in the town of Moore, and the note was properly filed with the clerk of that town.

Defendant assumes that there was some flax raised on the quarter section in Hancock. The only testimony given on this point was unworthy credence. A witness testified there was flax raised on the northeast quarter, how much, he would not say. If this flax was raised on the northeast quarter defendant did not show it on the trial.

MITCHELL, J. Action to recover the value of a quantity of flax seed. The plaintiff claimed the seed under a seed-grain note executed by one Peerbooms pursuant to 1878, G. S. ch. 39, §§ 21, 22, as amended by Laws 1883, ch. 38. The defendant claimed it by purchase from Peerbooms. That defendant purchased from Peerbooms for value, without any actual notice of plaintiff's lien, was sufficiently established by the evidence.

There was also evidence that would have justified the jury in finding that the flax seed was raised by Peerbooms from the seed furnished by plaintiff, and on the land described in the seed-grain contract, which consisted of a half section, one quarter section of which was situated in the village of Hancock, and the other quarter in the township of Moore, outside of the village limits. But it did not appear whether the seed bought by defendant was raised on the quarter section within the village, or on the quarter section outside of it; and if that fact was material the burden of proof was, of course, on the plaintiff. Peerbooms, resided within the village. Plaintiff's note or contract was filed in the office of the clerk of the township of Moore, but not in that of the clerk or recorder of the village of Hancock.

. The trial court instructed the jury that "the filing in the town of Moore was sufficient notice as to the whole land described in the seed-grain note," and the correctness of this instruction is the only question in the case.

Prior to the amendment of the law in 1883 the law would have been as stated by the court. *Moriarty* v. *Gullickson*, 22 Minn. 39. But the amendment was doubtless adopted in view of the decision

referred to, and for the very purpose of changing the rule.   The statute now reads,

"The note, contract or statement, or a copy thereof, shall in order to constitute such lien be filed in the office of the town clerk of the town or the clerk or recorder of the city or village in which the borrower resides or in which the land on which said grain is to be sown is situated."

Defendant's counsel urges that we should construe "or" as meaning "and," so as to require a seed-grain note to be filed both where the borrower resides and also where the land is situated, if in different places, and thus bring the law as to such contracts in harmony with that relating to ordinary chattel mortgages.   The language of section 22, relating to filing seed-grain notes, is so different from that of section 2, relating to filing chattel mortgages, as well as that of section 16, relating to the filing contracts of conditional sale, that it would not be permissible to give it the construction contended for, however desirable the result.

But this is not decisive of the present case, for it is clear to us that the effect of the amendment of 1883 was to make a village, and that part of the township outside of the village limits, distinct and separate from each other for the purpose of filing such instruments, and that for such purpose a village and the balance of the town in which it is situated are now as entirely distinct as if they constituted two separate townships.   This was assumed in *Bannon* v. *Bowler*, 34 Minn. 419, (26 N. W. 237,) nearly ten years ago.   It follows that this note was not filed in the town or village where the borrower resided, and, as to one quarter section, not in the town or village in which the land was situated.   Hence, assuming that the note was properly filed as to the flax raised on one quarter section, it was certainly not properly filed as to that raised on the other.

Counsel for plaintiff urges that there was no proof that any of the flax bought by defendant was raised on the land situated within the village, but the burden was on the plaintiff to prove that it was raised on the land outside the village.   No lien is created unless all the terms of the statute are complied with, and the burden was on plaintiff to bring itself within such terms in every essential particular.   Order reversed.

(Opinion published 60 N. W. 671.)