FRED HABEGGER v. FIRST NATIONAL BANK OF ST. PAUL.[1]

April 28, 1905.

Nos. 14,284—(76).

**Bankruptcy Act—Deposit in Bank.**

Money deposited in a bank in the due course of business by an insolvent, within four months of the time he is adjudged a bankrupt, is not a transfer of property amounting to a preference within the meaning of the bankruptcy act of 1898, as construed in New York County Nat. Bank v. Massey, 192 U. S. 138, and the bank may apply the amount of such deposit upon a debt due from the insolvent.

**Application on Debt to Bank.**

Upon the facts alleged in the answer, which are admitted by the demurrer, it is *held* that the amount to the credit of Strait in defendant bank was properly applied upon a note due from him to the bank.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., overruling a demurrer to the answer. Affirmed.

[1] Reported in 103 N. W. 216.

*F. J. Leonard* and *F. C. Irwin,* for appellant.

*E. Southworth* and *W. H. Lightner,* for respondent.

BROWN, J.

Appeal from an order overruling plaintiff's demurrer to defendant's answer.

The complaint alleges that on October 31, 1903, and for a long time prior thereto, H. Burton Strait and Henry Schreiner were engaged in the banking business at Jordan, this state; that on the day named the bank was insolvent, and ceased to do business as such; that thereafter, on December 5, 1903, Strait and Schreiner were duly adjudged bankrupts in bankruptcy proceedings commenced in the United States court on November 6, 1903, in which proceedings plaintiff was appointed their trustee; that on said October 31 defendant was indebted to Strait and Schreiner in the sum of $4,559.68, for which sum plaintiff, as their trustee, demanded judgment.

The answer of defendant, after admitting and .denying certain allegations in the complaint, not here material, alleged that for more than seven months prior to October 31, 1903, said H. Burton Strait alone and individually was doing business as a private banker at Jordan, this state, and was on said day indebted to defendant in the sum of $8,524.74, being a balance unpaid on a promissory note executed by him and one J. R. Strait, an accommodation maker, on March 25, 1903, payable four months from that date. The answer affirmatively alleged that Strait, as such private banker, became insolvent, and that plaintiff was duly appointed trustee of his estate; that at the time he became insolvent, October 31, 1903, he had on deposit with defendant the sum of $3,059.68; that upon being advised that Strait had become insolvent, and had ceased to do business as a banker, defendant on that day applied the amount so to his credit on its books as payment of his promissory note.

For aught that appears from the pleadings, the money was deposited with defendant in the due course of business, and not with any purpose or intent of preferring defendant as a creditor. Plaintiff demurred to the answer on the ground that it failed to state facts constituting a defense. The demurrer was overruled.

Three contentions are made in this court by appellant: (1) That

the application by defendant of the amount due Strait as payment of the promissory note held by it against him constituted an unlawful preference within the meaning of the bankruptcy act, it having been made within four months of the date on which Strait was adjudged a bankrupt; (2) that the indebtedness was not a proper set-off, and defendant could not apply it in payment of the promissory note, for the reason that the law of set-off does not authorize the application of an individual claim to the payment of a joint obligation—that, as the credit in the hands of the bank was due Strait, it could not be applied in payment of the note executed by Strait and another; and (3) that defendant waived the right of set-off by not applying it upon the note against Strait when the money was first deposited by him.

1. The first question, namely, whether the application of the credit in the hands of the bank in payment of its note against Strait was an unlawful preference within the meaning of the bankruptcy act, has been disposed of adversely to plaintiff's contention by the Supreme Court of the United States; the decision of which court is final upon all questions involving the construction of that act. New York County Nat. Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199. The pith of the decision in that case is found in the syllabus (24 Sup. Ct. 199), which is as follows: "Insolvents, by depositing money in a bank upon an open account, subject to check, do not thereby make a transfer of property amounting to a preference, which, under the bankruptcy act of 1898, c. 541, 30 St. at L. 562 (U. S. Comp. St. 1901, p. 3445) § 60a, will deprive the bank of its right under section 68a to set off the amount of such deposit remaining to the depositor's credit on the date of their adjudication in bankruptcy, and to prove its claim against the bankrupt estate for the balance." This conclusively disposes of this point, and it is unnecessary to extend this opinion by a discussion of the question.

2. In view of the allegations of the answer, which are admitted by the demurrer, the rules of law invoked by plaintiff on the subject of the law of set-off do not apply, and it is unnecessary to consider whether a claim in favor of one person may be set off against the debt due jointly from that person and another. The answer alleges that Strait was alone engaged in the banking business at Jordan, and that the credit for money deposited with defendant was deposited by and

belonged to him. It further alleges that the promissory note made and delivered to defendant by Strait and another represented the debt of Strait, and that the other person signed and executed the note with him as an accommodation maker. These facts, being admitted by the demurrer, render inapplicable the argument of counsel that an individual debt cannot be set off against a joint debt. We do not, therefore, deem it necessary to enter into a discussion of the law of set-off, and hold, on the facts set forth in the answer, that defendant had the right to apply the credit due to Strait on his promissory note.

3. There is no merit in the third contention—that defendant waived his right of set-off in not applying the money on the promissory note when it was first deposited.

Order affirmed.