# ALFRED A. SECORD v. NORTHWESTERN TIRE COMPANY.[1]

June 6, 1924.

No. 23,999.

**Chattel mortgage constructively fraudulent.**
> A chattel mortgage of a stock of merchandise contemplating the retention of possession by the mortgagor and a sale at retail, the mortgagor agreeing that "at least the amount of the wholesale price of that which is sold" shall be applied on the mortgage debt, is constructively fraudulent.

Action in conversion in the district court for Hennepin county to recover possession of certain property or $1,479.55, the value thereof. The case was tried before Montgomery, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Constant Larson* and *A. T. Larson,* for appellant.

*Joss, Ohman, Fryberger & Parker,* for respondent.

DIBELL, J.

Action in conversion. There were findings for the defendant. The plaintiff appeals from the judgment.

On November 27, 1920, Anton Broms and others mortgaged the property, of which conversion is claimed, to the plaintiff. Afterwards Broms and his associates sold to the defendant. The defendant took possession. There was a default in the mortgage. The plaintiff demanded possession. It was refused. If the mortgage was valid as against the defendant the plaintiff was entitled to possession and there was a conversion; otherwise there was not.

Broms and his associates at the time of the execution of the mortgage were doing business in Alexandria, and the property mortgaged was a part of their stock of merchandise selling at retail. The mortgage contained this provision:

[1]Reported in 199 N. W. 84.

"It is expressly understood by all parties concerned that as any of the above stock is sold at least the amount of the wholesale price of that which is sold is to be deposited as payment on the attached notes."

Also this provision:

"So long as the conditions of this mortgage are fulfilled, the undersigned [mortgagors] shall remain in peaceful possession of said property, agreeing in consideration thereof to keep such property in as good condition as it now is without expense to the mortgagee."

Only the findings and conclusions and judgment are before us. A mortgage of a stock of merchandise permitting the mortgagor to remain in possession and sell at retail and retain the proceeds of the sale without applying the proceeds on the mortgage debt is constructively fraudulent. Dunnell, Minn. Dig. § 3885, and cases cited. The rule applies though the mortgagor agrees to pay the balance of the proceeds on the mortgage after defraying the expenses of keeping up the stock and the expenses of running the business. Pabst Brewing Co. v. Butchart, 67 Minn. 191, 69 N. W. 809, 64 Am. St. 408. We hold it to apply where the mortgagor's agreement is to pay "at least the amount of the wholesale price of that which is sold" on the mortgage debt. Such a provision permits the evil which the law discourages by declaring it constructively fraudulent.

Judgment affirmed.