CHARLES F. HANSON v. CITIZENS STATE BANK OF LITCHFIELD.[1]

January 23, 1925.

No. 24,375.

**When set off by bank against insolvent's note is not a preference.**

Before filing of petition in bankruptcy by its depositor, but while it knows of his insolvency, bank may set off his indebtedness upon a note against his deposits, in usual course of business, without such action constituting a preference. [Reporter.]

Action in the district court for Meeker county to recover $446.29. The case was tried before Daly, J., who at the close of plaintiff's case granted defendant's motion to dismiss the action for want of proof. From the judgment of dismissal, Qvale, J., plaintiff appealed. Affirmed.

*Alva R. Hunt*, for appellant.
*Raymond H. Dart*, for respondent.

PER CURIAM.

Action by the plaintiff as trustee in bankruptcy to set aside as preferential a payment of $446.29, alleged to have been made by the bankrupt to the defendant on August 3, 1921. The action was dismissed at the close of the plaintiff's testimony. Plaintiff appeals from the order denying his motion for a new trial.

The bankrupt owned a stock of millinery goods and fixtures in Litchfield. The plaintiff had a mortgage on them. The bankrupt remained in possession, selling in the usual course of trade. We assume that it was invalid within the case of Secord v. Northwestern Tire Co. 159 Minn. 473, 199 N. W. 84.

On July 4, 1921, the stock and fixtures were burned. There was insurance thereon payable as his interest might appear to the mortgagee. On August 3, 1921, the insurance was adjusted at $1,482.75. The insurance company's check in settlement was made payable to the bankrupt and

[1]Reported in 201 N. W. 932.

the defendant bank and was deposted in the bank. The bankrupt was then owing the bank $446.29, evidenced by a note, except that there was an overdraft for a few dollars. The bankrupt had done business with the bank in a small way for a considerable period, and at times was given a small credit. The bank applied $446.29 to the payment of the bankrupt's indebtedness. The bankrupt commenced business, but on November 26, 1921, was adjudged a bankrupt. The plaintiff claims that the application of the $446.29 constituted a preference.

It is settled law that a bank, after knowledge of its depositor's insolvency, but before the filing of a petition in bankruptcy, may set off his indebtedness against his deposits, in the usual course of business, and that such transaction does not constitute a preference. The Federal cases are exhaustively reviewed by Judge Booth in Fourth Nat. Bank v. Smith, 240 F. 19, 153 C. C. A. 55. In connection therewith we cite Habegger v. First Nat. Bank of St. Paul, 94 Minn. 445, 103 N. W. 216, 110 Am. St. 379. The doctrine stated controls here.

Order affirmed.