## In re FREY.

(District Court, D. Minnesota, First Division. November 24, 1926.)

Chattel mortgages ⟺188(1)—Mortgage on stock in trade, permitting mortgagor to retain possession and sell, held fraudulent under Minnesota law, notwithstanding Uniform Fraudulent Conveyances Act.

Chattel mortgage on stock in trade, permitting mortgagor to retain possession, sell, and apply part of proceeds on mortgage debt, *held* constructively fraudulent under law of Minnesota, notwithstanding Uniform Fraudulent Conveyances Act (Gen. St. Minn. 1923, § 8486).

In Bankruptcy. In the matter of the bankruptcy of Fred Herman Frey, individually and as sole trader doing business as Merchants' Film Service. On petition for review of order of referee, holding a chattel mortgage given F. E. Brown to be void. Order of referee confirmed.

This matter came on for hearing upon the petition of F. E. Brown for a review of the order of the referee dated October 9, 1926.

Brown, Somsen & Sawyer, of Winona, Minn., for petitioner.

E. V. Knauf, of Winona, Minn., for trustee.

JOHN B. SANBORN, District Judge. The bankrupt, on December 31, 1925, gave to F. E. Brown, the petitioner, his note for $700 payable one year after date, and to secure its payment executed a chattel mortgage upon all of his store fixtures and stock in trade, including certain radios. The mortgage, which was a Minnesota contract, contained these provisions:

"Stock to be kept up to $500 in value wholesale at all times, permission being given to sell stock and replenish same, this mortgage to cover all new stock bought to replenish and keep up stock. Serial numbers of radio sets are 26960, 22694, 24158, 10495, 26888, 26952, 13711, and others. Wholesale price of each of these radios upon sale is to be applied on the mortgage in reducing same."

The mortgage was duly filed for record and recorded the same day it was executed. Frey remained in possession of the mortgaged property and made sales therefrom in the usual course of business. He made only two small payments to the mortgagee of not over $4, disposed of all of the radio sets except two, but did not apply their wholesale price upon the mortgage.

The note and mortgage represented $700

actually loaned by Brown to Frey, and the note and mortgage were both given in good faith and without any intent to defraud the bankrupt's creditors. On June 19, 1926, Frey was adjudged a bankrupt, and thereafter Jacob L. Meyer was appointed his trustee. He took possession of the property claimed to be covered by the chattel mortgage, and petitioned the court for an order allowing him to sell the property at private sale, free of liens, and to adjudge the mortgage void as constituting a fraud upon creditors. The referee held the mortgage void, and authorized the sale of the property claimed by the mortgagee to be covered by it, free from liens. It is this order of the referee which comes before this court for review.

The rule in Minnesota for a great many years has been that a chattel mortgage with an agreement that the mortgagor may retain possession and sell or dispose of the property as his own, without satisfaction of the mortgage debt, is fraudulent as a matter of law and voidable as against the mortgagor's creditors. Dunnell's Minnesota Digest, 3885, citing the following cases: Chophard v. Bayard, 4 Minn. 533 (Gil. 418); Horton v. Williams, 21 Minn. 187; Stein v. Munch, 24 Minn. 390; First Nat. Bank v. Anderson, 24 Minn. 435; Mann v. Flower, 25 Minn. 500; Bannon v. Bowler, 34 Minn. 416, 26 N. W. 237; Filebeck v. Bean, 45 Minn. 307, 47 N. W. 969; Gallagher v. Rosenfield, 47 Minn. 507, 50 N. W. 696; Hayes v. Gallagher, 58 Minn. 502, 60 N. W. 343; Pierce v. Wagner, 64 Minn. 265, 66 N. W. 977, 67 N. W. 537; Pabst v. Butchart, 67 Minn. 191, 69 N. W. 809, 64 Am. St. Rep. 408; Clarke v. Nat. Citizens' Bank, 74 Minn. 58, 76 N. W. 965, 1125; Donohue v. Campbell, 81 Minn. 107, 83 N. W. 469; Citizens' State Bank v. Brown, 110 Minn. 176, 124 N. W. 990; Harris v. Spencer, 130 Minn. 141, 153 N. W. 125.

The most recent case is Secord v. Northwestern Tire Co., 159 Minn. 473, 199 N. W. 84. The mortgage there in question contained this provision: "It is expressly understood by all parties concerned that as any of the above stock is sold at least the amount of the wholesale price of that which is sold is to be deposited as payment on the attached notes."

And also: "So long as the conditions of this mortgage are fulfilled, the undersigned (mortgagors) shall remain in peaceful possession of said property, agreeing in consideration thereof to keep such property in as

good condition as it now is without expense to the mortgagee."

With reference to this mortgage, the court said: "A mortgage of a stock of merchandise permitting the mortgagor to remain in possession and sell at retail and retain the proceeds of the sale without applying the proceeds on the mortgage debt is constructively fraudulent. Dunnell, Minn. Dig. § 3885, and cases cited. The rule applies though the mortgagor agrees to pay the balance of the proceeds on the mortgage after defraying the expenses of keeping up the stock and the expenses of running the business. Pabst Brewing Co. v. Butchart, 67 Minn. 191, 69 N. W. 809, 64 Am. St. [Rep.] 408. We hold it to apply where the mortgagor's agreement is to pay 'at least the amount of the wholesale price of that which is sold' on the mortgage debt. Such a provision permits the evil which the law discourages by declaring it constructively fraudulent."

This case was decided in 1924, but the mortgage involved was made in 1920 and prior to the time of the passage of chapter 415, Laws of 1921, known as the Uniform Fraudulent Conveyances Act, which is now a part of chapter 68, General Statutes of Minnesota 1923. Section 8486 provides: "This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it."

In the case of Donohue v. Campbell, 81 Minn. 107, 83 N. W. 469, the court called into question the correctness of the Minnesota rule, but at the same time stated that it was the settled law of the state. The petitioner now claims that that decision indicates a desire on the part of the Supreme Court to change its rule, and that the section of the statute just referred to furnishes it the opportunity to do so; that, under the circumstances, it cannot be said to be the settled law of Minnesota that a mortgage such as that herein involved is constructively fraudulent, because the rule in the federal courts and in many of the states is otherwise. See Etheridge v. Sperry, 139 U. S. 266, 11 S. Ct. 565, 35 L. Ed. 171; Ephraim v. Kelleher, 4 Wash. 243, 29 P. 985, 18 L. R. A. 604, and note; Gilbert v. Peppers et al., 65 W. Va. 355, 64 S. E. 361, 36 L. R. A. (N. S.) 1181, and note; 11 C. J. 581; 5 R. C. L. 436.

The rule in many jurisdictions is that the fact that mortgaged goods are to be consumed in the usual course of business does not, as a matter of law, necessarily avoid a chattel mortgage upon them, although that is a matter properly to be considered in determining whether the mortgage was fraudulent or not, and that each case must depend upon its own peculiar circumstances. The rule in Minnesota is not without support, however, in decisions of many other states, although it is, perhaps, true that the greater weight of authority supports the other view.

The only question which this court is called upon to decide is whether the rule in this state is settled, or whether it is still open to doubt. In view of the long line of decisions, commencing with Chophard v. Bayard in 4 Minn. 533 (Gil. 418), and ending with Secord v. Northwestern Tire Co. in 159 Minn. 473, 199 N. W. 84, there would seem to be little, if any, basis for the assumption that the Supreme Court of Minnesota would adopt a different rule. The dicta in Donohue v. Campbell, supra, and the provision as to construction of the Uniform Fraudulent Conveyances Act would not, in my judgment, be sufficient to justify a conclusion that the law had become unsettled.

For that reason, the order of the referee, holding this chattel mortgage to be void as to creditors, must be confirmed. It is so ordered.