JOHN GEORGE STEIN and another *vs.* GUSTAV MUNCH, impleaded, etc.

March 8, 1878.

Chattel Mortgage—Stipulation for Sale of Mortgaged Property by Mortgagor.—
  *Horton* v. *Williams*, 21 Minn. 187, followed as to the effect of a stipulation between a chattel mortgagor and mortgagee, permitting the former, to sell and dispose of the mortgaged property in the usual course of business and as his own.

**Same—Same—Possession Taken by Mortgagee under Mortgage.**—The character of the mortgage, as respects the rights of the mortgagor's creditors, depending upon the intent with which it is made, it is not in the power of a mortgagee or his assigns to remove the original taint resulting from such a stipulation, by taking so much of the mortgaged property as has not been sold into possession *under and by virtue of the mortgage.*

This action was brought upon certain promissory notes, originally secured by a chattel mortgage upon a stock of drugs, and indorsed by the defendant Munch. At the time of the delivery of the notes and mortgage, and with the knowledge of the said Munch, it was stipulated between the mortgagor and mortgagee that the former should keep and retain possession of the mortgaged property, and should continue and carry on the retail drug business with the said stock of drugs, and should sell and dispose of the same in the usual course of business as his own. The said mortgagor under this stipulation accordingly retained possession of the mortgaged property, and continued and carried on the said retail drug business in his own name, and sold and disposed of said stock of goods, in the usual course of business, as his own, and with the knowledge and consent of the plaintiffs, until February 5, 1875. On said date the plaintiffs took possession, under the mortgage, of all that portion of the mortgaged property which had not then been sold and disposed of by the mortgagor, and on the day following the sheriff of Ramsey county levied upon, and took into his possession, all of the aforesaid property remaining unsold, under several writs of attachment.

On April 1, 1875, said property was sold under sundry executions duly levied by the said sheriff; and on July 23, 1875, the plaintiffs released all their right, title and interest in the said mortgaged property to the assignee of the purchaser of said property at the aforesaid execution sale.

The action was tried in the district court for Ramsey county, by *Simons,* J., without a jury, who, after finding the facts to be substantially as above stated, further found that the effect

of said mortgage was to hinder, delay and defraud the creditors of said mortgagor, and that the same was wholly and entirely null and void as to the creditors of the mortgagor by whom the mortgaged property was attached, and in satisfaction of whose claims the same was sold by the sheriff; that the mortgage being null and void as to said creditors, the release thereof by plaintiffs in no manner affected the liability of the defendant Munch upon the notes in suit; and that plaintiffs were therefore entitled to judgment against the said Munch and the said mortgagor. Judgment was therefore entered for the plaintiffs in accordance with the order of the court, and from this judgment the defendants appealed.

*H. J. Horn*, for appellants.

Even if the mortgage here was voidable (*Horton* v. *Williams*, 21 Minn.) it was not an absolute nullity; it was valid between the parties, and therefore the title obtained under it by the mortgagee taking possession was a valid title. Such title was binding upon both parties to the same extent as if the mortgagor had then for the first time conveyed the property to his creditor to satisfy the debt. After the mortgagee had taken possession upon default his title became absolute, and the mortgagor had no interest left in the mortgaged property which could be subjected to levy. *Patchin* v. *Pierce*, 12 Wend. 61; *Hull* v. *Sampson*, 35 N. Y. 274. The possession of the mortgagee was not vitiated by the provision in the mortgage authorizing the mortgagor to retain possession, even if that provision was illegal. *Read* v. *Wilson*, 22 Ill. 377.

The title acquired by the mortgagee was obtained in good faith and for a valuable consideration, and the taking possession was a presumptive satisfaction of the debt, and actual payment to the extent of the value of the mortgaged property. *Case* v. *Boughton*, 11 Wend. 107.

The attaching creditors were therefore too late, as the mortgagor had no longer a subsisting title in the goods, and the title of the mortgagee had become absolute by possession.

The defendant Munch stood in the relation of surety as to

the plaintiffs, (*Willis* v. *Davis*, 3 Minn. 7, (26;) *Pierce* v. *Irvine*, 1 Minn. 272, (378;) *Baker* v. *Briggs*, 8 Pick. 121;) and the release of the mortgage therefore discharged him from all liabilities. *Baker* v. *Davis*, 8 Pick. 121; *Willis* v. *Davis*, 3 Minn. 1, (17;) *Moss* v. *Pettingill*, Id. 185, (217.)

*Williams & Davidson*, for respondent.

This mortgage was void both because of the illegal agreement in relation to the possession of the mortgagor, (*Horton* v. *Williams*, 21 Minn. 191; *Bank* v. *Hunt*, 11 Wall. 392; *Robinson* v. *Elliott*, 22 Wall. 513; *Russell* v. *Winne*, 37 N.Y. 591; *Putnam* v. *Osgood*, 51 N.H. 192; *Phelps* v. *Murray*, Cent. Law. Jour. June 22, 1877,) and because it was intended to cover property not then owned by the latter. *Putnam* v. *Osgood*, 51 N. H. 192; *Gates* v. *Omsted*, 65 Barb. 43; *Mittnach* v. *Kelly*, 3 Keyes, 407; *Monetti* v. *Noyes*, 3 Am. L. Reg. 18, 23; 2 Hil. on Mort. 520, 379.

Besides, the surety can claim nothing except under the instrument as it was when he signed the note, because it is only such security as it may be presumed induced the surety to sign that may not be destroyed. *Commissioners* v. *Ross*, 3 Binn. 520; *U. S.* v. *Simpson*, 3 Penn. 437; *Mundorf* v. *Singer*, 5 Watts. 172; *Bank* v. *Raynolds*, 13 Ohio, 84; *Lenox* v. *Prout*, 8 Wheat. 520; 1 Am. Lead. Cas. (3d Ed.) 257.

The taking possession of the property under the void mortgage did not affect the rights of the creditors. *Janvrin* v. *Fogg*, 49 N. H. 340; *Robinson* v. *Elliott*, 22 Wall. 513.

The plaintiffs, therefore, had no right in the property, and only anticipated by the release what the court would otherwise have compelled them to do. *Pettingill* v. *Moss*, 3 Minn. 145, 150, (217, 222.)

BERRY, J. The court below finds that at the time of the execution and delivery of the chattel mortgage involved in this action it was stipulated, by and between the mortgagor and the mortgagee, that the mortgagor should retain possession of the mortgaged property; that he should continue and carry on the retail drug business, with the stock of drugs, etc.,

(being the property mortgaged,) in his own name, and that he should sell and dispose of the same in the usual course of business, and as his own. This stipulation made the mortgage fraudulent and void, as respected the mortgagor's creditors. *Horton* v. *Williams*, 21 Minn. 187. As is further remarked in that case, the character of the instrument, as regards the rights of the mortgagor's creditors, "depends on the intent with which it was made." From this it follows that it is not in the power of the mortgagee or his assigns to remove the original taint of the mortgage, and make it good, by taking so much of the mortgaged property as has not been sold by the mortgagor into possession *under and by virtue of the mortgage. Blakeslee* v. *Rossman*, 44 Wis. 550; *Robinson* v. *Elliott*, 22 Wall. 513; *Delaware* v. *Ensign*, 21 Barb. 85; *Janvrin* v. *Fogg*, 49 N. H. 340. This conclusion disposes of the case.

Judgment affirmed.

NOTE.—The Chief Justice, having been of counsel, took no part in this case.