[ Filed October 21, 1890.]

F. S. AIKEN ET AL., RESPONDENT, v. GEORGE PASCALL, APPELLANT.

CHATTEL MORTGAGE—WHEN VOID AS TO ATTACHING CREDITORS.—When it appears either on the face of a chattel mortgage or by parol evidence that the mortgagee of personal property has given to the mortgagor power to dispose of the property mortgaged and to apply the proceeds to his own use, the mortgage is void as to attaching creditors.

APPEAL from Multnomah county: E. D. SHATTUCK, judge.

*Sanderson Reed*, for Respondent.

*X. N. Steeves*, for Appellant.

LORD, J., delivered the opinion of the court.

This is a suit for an injunction to restrain the defendant Kelly, as sheriff of Multnomah county, from foreclosing two chattel mortgages, one of which was made and executed by the defendant Chizzoski to the defendant Cominsky, and the other to the defendant Pascall, and also for the purpose of having said chattel mortgages

decreed void as to the plaintiffs in this suit. The facts show that the defendant Chizzoski was a retail shoe dealer, and had bought goods of the plaintiff, and by means of certain representations had procured a credit for their payment; that subsequently he executed contemporaneously the two chattel mortgages aforesaid for the sums, respectively, of $1,500 and $1,000, covering his stock of goods. As soon as the fact of these mortgages became known to his creditors, these plaintiffs attached the stock, when the defendants Cominsky and Pascall placed their chattel mortgage in the hands of the sheriff to be foreclosed. The plaintiffs then instituted the present suit, to have these mortgages annulled and set aside as fraudulent and void, and among other things upon the ground of a conspiracy between the defendant Chizzoski and the defendants Pascall and Cominsky, to cheat and defraud the plaintiffs out of the debts due them, etc. After the injunction was obtained a receiver was appointed to sell the goods, etc., and a supplemental complaint was filed. It seems that the defendant Chizzoski absconded the county immediately on the service of the summons upon him, and Cominsky soon after disappeared and made default, and a decree was entered setting aside his mortgage. It is conceded that the defendants Chizzoski and Cominsky have acted dishonestly and fraudulently in regard to the transaction, but it is claimed for the defendant Pascall that he took his chattel mortgage in good faith and for money loaned the defendant Chizzoski. The contention for the plaintiff is, (1) that the two mortgages were fraudulent in fact and without any consideration, and were prepared and designed to defraud the creditors of the defendant Chizzoski, and (2) that the mortgages were void in law for the reason that the defendant Chizzoski was allowed to remain in possession of the stock of goods with power to dispose of the same and to apply the proceeds to his own use.

While we do not intend to review these facts to any great extent, the result of their consideration as a whole has

impressed us with the conviction that the circumstances in which these two mortgages originated and were executed are permeated with fraud. It is impossible under the circumstances as detailed that the defendant Pascall should not have known that the purpose of these mortgages was to forestall and defeat the creditors of the mortgagor, and his narration of the circumstances, as to his own connection, leaving out of view some of its contradictory and improbable aspects, tends to confirm that impression. But aside from this, we are satisfied that the defendant Chizzoski was left in possession of the stock of goods with the power to sell them and receive the proceeds to his own use with the full knowledge and consent of the defendant Pascall. It is true that he testifies that he had an oral agreement with the defendant Chizzoski that he should not sell any of the stock, and that he kept some sort of a watch on the store to see that it should be observed. But the evidence shows that the defendant Chizzoski not only remained in the possession of the stock and in the use and enjoyment thereof, but that the store was open with the goods exposed for sale, as other stores doing business, and as he had carried on this business before, customers coming and going, and that some of the goods were actually sold and delivered. If he did as he testified, it is not possible for him not to have had some knowledge of these circumstances, and that the agreement was not kept, and as he makes no protest, but still permits his mortgagor to go on doing business as before, the inference is that he did it with his consent, and that it was understood that the mortgagor should treat the goods as owner, and sell them and receive the proceeds to his own use. Besides, the circumstances of his own statement show that he had little or no confidence in his mortgagor, and it is difficult to understand how in such a case he could have been induced to make the loan. To say the least, it shows that he distrusted him, if he did not in fact regard him as a rascal, as the evidence shows, and his counsel freely admitted, that his mortgagor was. This

circumstance is only referred to as illustrative of his testimony and to show its inherent unreliability. The taking of those mortgages at the time and under the circumstances of their execution, the conduct of the parties then and subsequently, and the facts as disclosed by the defendant Pascall, satisfy us that the object of those mortgages was fraudulent, and that it was understood that the defendant Chizzoski was to treat the goods as the owner, and to sell and to appropriate the proceeds to his own use. In *Orton* v. *Orton*, 7 Or. 479,[1] it was held that when it appears either on the face of a chattel mortgage, or by parol evidence, that the mortgagee of personal property has given to the mortgagor the power to dispose of the mortgaged property and to apply the proceeds to his own use, the mortgage is void as to attaching creditors.

It is enough to say there was no error, and the decree of the court below must be affirmed, and it is so ordered.