LEON T. CHAMBERLAIN, Receiver, *vs.* STELLA S. O'BRIEN.

April 8, 1891.

**Insolvency—Property Fraudulently Transferred—Trust for Creditors —Suit by Receiver.**—A receiver or assignee in insolvency may maintain an action to reach assets' of an insolvent debtor fraudulently concealed or disposed of by him, whether such action be to set aside fraudulent conveyances, or to enforce a trust in favor of creditors under the statute.

**Same—Creditors' Claims Need not be in Judgment, nor Liens.—** It is not essential to the maintenance of such an action that the claims of creditors represented by him should have been previously reduced to judgment. The statute dispenses with the necessity of any lien in behalf of individual creditors in such cases.

**Same—Involuntary Trust for Creditors—Liability of Trustee after Conveyance.**—Where the insolvent caused property for which he paid the consideration to be conveyed directly to his wife, and she is found to have been cognizant of the fraud, she will be treated as an involuntary trustee for existing creditors, and, if she conveys the same away to innocent purchasers, the receiver may, at his election, proceed against her personally for the value thereof.

Appeal by defendant from an order of the district court for Ramsey county, *Kelly,* J., presiding, refusing a new trial after a trial by the court and judgment of $3,000 and interest ordered for plaintiff.

*William G. White,* for appellant.

*Pinch & Twohy,* for respondent.

VANDERBURGH, J.    The plaintiff, receiver of the estate of Michael J. O'Brien, insolvent, duly appointed by the district court of Ramsey county, brings this action to recover of the defendant the proceeds of certain property of the insolvent alleged to have been transferred to her in fraud of his creditors.    The court finds upon sufficient evidence that Michael J. O'Brien was, on the 18th day of April, 1889, insolvent, and was at that date the owner of a stock of goods in the city of St. Paul of the value of $9,000 and upwards, which constituted all his estate and property of every name and nature; and that at that date, being then indebted to divers creditors, in-

cluding the petitioning creditors, in amounts aggregating upwards of $10,000, then long past due, he, with the intent to hinder, delay, and defraud all his creditors, sold and transferred his entire stock of merchandise above mentioned to one Forepaugh, who in consideration thereof conveyed certain real estate described in the complaint to Stella S. O'Brien, the defendant, who is the wife of Michael J. O'Brien, the above-named insolvent. The court also finds the value of the real property conveyed to defendant to have been reasonably worth the sum of $10,000. The real estate so conveyed was afterwards, and before the commencement of this action, transferred and conveyed by the defendant to *bona fide* purchasers, who, in consideration and in exchange therefor, executed to her a conveyance of certain other real estate of the reasonable value in the market, as found by the court, of $6,000. It is also found that the defendant raised by mortgage on the property first mentioned the sum of $2,400, and upon the last-mentioned real property the sum of $3,000, which she turned over in satisfaction of debts of her insolvent husband, leaving property still in her hands of the value of $3,000. The court also finds that since this action was brought the defendant, joining with her husband, has executed a mortgage or trust-deed upon the real estate last referred to, to a *bona fide* mortgagee, to secure the sum of $9,000,—an amount largely in excess of the value of the property,—which the court determined to be equivalent to a conversion of all the property remaining in her hands received from the estate of her husband, and thereupon ordered judgment for plaintiff against defendant for the sum of $3,000. It did not appear from the evidence nor was it found what disposition was made of the consideration received for the $9,000 mortgage. Upon this statement, which presents, in substance, the material facts in the case, we are to consider the points made by the appellant.

1. The appellant denies the right of the receiver to maintain this action at all, but insists that it should have been brought by the judgment creditors of O'Brien. But Gen. St. 1878, c. 41, § 27, is applicable to assignments under the insolvent law, and authorizes the assignee or receiver to bring actions to reach the assets of the insolvent debtor fraudulently concealed or disposed of. *Merrill* v.

*Ressler*, 37 Minn. 82, (33 N. W. Rep. 117.) It is quite immaterial that the peculiar relief sought here is to reach the property, enforcing a trust under the statute, instead of setting aside a conveyance of the property by the husband to the defendant, and thus reaching the same result; for by the express language of the statute the conveyance to the defendant must be presumed fraudulent, as against existing creditors of the husband. Gen. St. 1878, *c.* 43, § 8; *Dunlap* v. *Hawkins*, 59 N. Y. 342.

2. Nor was it necessary that the claims of such creditors should have been first reduced to judgment in order to warrant this action by the receiver. The statute, conferring *special* authority for the benefit of creditors, dispenses with the necessity of any special or other lien in behalf of individual creditors. *Southard* v. *Benner*, 72 N. Y. 424. The record shows that, upon the application of certain creditors of Michael J. O'Brien, he was adjudged insolvent, and the receiver appointed. This adjudication in insolvency established the existence of creditors whose interest the receiver must be presumed to represent. It is not disputed that the creditors instituting the proceedings, and for whose benefit they are carried on, were creditors at the time of the alleged fraudulent conveyance. Indeed, this appears from the findings, and, for the purposes of these proceedings, creditors in whose favor the law establishes an involuntary trust are not required any more than others to reduce their claims to judgment before being entitled to be represented by the receiver and share in the estate. But the right and duty of the receiver to maintain such an action may, we think, be rested broadly upon the provisions of the insolvent act. Laws 1889, *c.* 30, § 2. It is one ground for a petition in insolvency, for an insolvent debtor to "conceal, remove, or dispose of any of his unexempt property with intent thereby to delay or defraud his creditors;" and the receiver is authorized to "and shall take possession of * * * all property concealed, removed, or otherwise disposed of * * * in violation of any provision of this act." It is undoubtedly the right and duty of the receiver, under these provisions, immediately upon his appointment, to take possession of the debtor's property, and he may invoke the aid of the courts to remove any obstructions or enforce

any trusts, in any action or proceeding which it may be necessary to bring for such purpose.

3. The complaint sets up the fraudulent transfer of the property to the defendant, and alleges the disposition thereof by her to innocent purchasers, and asks that she be charged as trustee with the value thereof. It was not necessary in such case to file a supplemental complaint setting up therein the subsequent transmutations of the avails or proceeds of the property fraudulently conveyed to her. The defendant was chargeable with notice of her husband's indebtedness and contracts, under the statute, and that she held the property in question as trustee for the creditors, and she is expressly found to have been a party to the fraud. It was a clear violation of her duty to them to convert, incumber, or misappropriate the same, and she cannot complain that the court allowed evidence to be received as to the disposition of the property, or what she did with the proceeds, as the basis for the formulation of the proper judgment in the premises. The court finds that the incumbrance upon the property last received by her, as above mentioned, was largely in excess of the value thereof. Upon the facts found, the court was not obliged to proceed further, and the court was warranted in ordering judgment for the value of the property as upon a conversion. The plaintiff is not attempting to trace property in the hands of third persons, and he is not obliged to take up with property received in exchange for it, especially if voluntarily incumbered. He may elect to proceed against the fraudulent trustee personally. Perry, Trusts, §§ 843, 847; *Lathrop* v. *Bampton*, 31 Cal. 17; *Mason* v. *Pierron*, 69 Wis. 585, 594, (34 N. W. Rep. 921;) *Murtha* v. *Curley*, 90 N. Y. 372; *McLeod* v. *First Nat. Bank*, 42 Miss. 99, 113.

4. For some further points made by the defendant there is no basis in the findings for their consideration; and as to several others it is sufficient to say, in brief, that the defendant was liable in this action as if unmarried, under the statute, (Gen. St. 1878, c. 69, § 2,) and a personal judgment for the proceeds or value of the property disposed of or incumbered beyond its value may be recovered against her. It was not necessary that this action should be preceded by a demand of a conveyance to put her in the wrong, or to

warrant a recovery against her as trustee for the property or its avails or value. And we do not think it was error to receive evidence of the notes or other indebtedness of the debtor on the issue of his insolvency. We discover no material errors in the rulings or findings of the court, and its order denying a new trial is affirmed.