47 507
67 193
67 292
47 507
68 289
69 127
47 507
70 130
47 507
81 109

MATT GALLAGHER, Receiver, *vs.* ISAAC ROSENFIELD.

December 16, 1891.

Chattel Mortgage — Fraud on Creditors — Power of Disposition Retained by Mortgagor.—Where a mortgage of personal property, as a stock of goods, expressly authorizes the mortgagor to retain the possession and to sell the same at retail as his own in the ordinary course of business, the mortgage will be adjudged fraudulent in law as to creditors existing or subsequent of the mortgagor while in possession.

Same—Requirement that Mortgagor shall Replenish Stock.—Where the mortgage confers the power to sell, a provision requiring the mortgagor in possession to replenish the stock will not render it valid.

Same—Fraudulent Intent Necessarily Implied.— The question of the actual intent of the parties to the mortgage is not material; the law imputes to the mortgagor the intention necessarily implied from the character of the instrument.

Same—Effect of Taking Possession by Mortgagee.—Taking possession of the property by the mortgagee under proceedings to foreclose a mortgage voidable for fraud will not impair the rights of creditors to reach the same or to compel him to account for it.

Same—Rights of Receiver in Insolvency.—The receiver of an insolvent representing creditors may bring an action in their behalf to reach assets belonging to him, in the hands of a mortgagee in a mortgage invalid as to them.

Same—Fraudulent Intent as to Part of Property.—A chattel mortgage must be given in good faith, and, when it appears that one object was to defraud creditors, the instrument is in judgment of law wholly void. Such a mortgage, containing a fraudulent provision as to part of the mortgaged property, is void as to the whole.

Plaintiff, as receiver in insolvency of A. J. Berwin, brought this action in the district court for Hennepin county, to have the mortgage which is considered in the opinion adjudged fraudulent and void, and to recover $11,000, the alleged value of the mortgaged property when taken by defendant. An agreed statement of facts was made, upon which the cause was heard by *Lochren*, J., who held the mortgage fraudulent and void as to subsequent creditors, and ordered judgment for plaintiff for $6,000, and interest from the date of

bringing suit. The defendant appeals from an order refusing a new trial.

*Rea & Hubachek* and *Ell Torrance*, for appellant.

*Freeman P. Lane* and *Wm. H. Briggs*, for respondent.

VANDERBURGH, J. In January, 1890, the defendant sold to one Berwin certain personal property, being certain furniture, fixtures, liquors, cigars, and other paraphernalia of a saloon in the city of Minneapolis, then in possession of the defendant, for the consideration of $11,000, payable within two years, according to the conditions of instalment notes, and which at the same date were secured by the purchaser by his chattel mortgage on the property sold. The chattel mortgage, which was duly filed, contained the following stipulation: "It is agreed that the party of the first part [mortgagor] shall have the right to sell from said stock of liquors and cigars in the regular course of retail trade in his business of running a saloon; but said first party agrees that he will keep said stock up to the value of fifteen hundred dollars, at all times, and this mortgage shall cover all additions to said stock that may be made from time to time by first party." It also contained the usual provisions authorizing the taking of possession and foreclosure by the mortgagee in case of default in the conditions thereof; and provided, further, that "as long as the conditions of this mortgage are fulfilled, the said first party is to remain in peaceful possession of said property, and in consideration thereof he agrees to keep said property in as good condition as it now is, at said first party's cost and expense." It is found that at the date of the mortgage the value of all the property mortgaged was $11,000, and that of the liquors and cigars constituting the stock in the saloon, and covered by the mortgage, was $1,500. And on the 30th of April, 1890, the mortgagor had made default in the conditions of the mortgage, which, as between the parties, was made in good faith to secure purchase-money, and had failed to keep up the stock of liquors and cigars as provided in the mortgage; and thereupon, in pursuance of the terms of the mortgage, the defendant mortgagee proceeded to take possession of the mortgaged property left in the hands of the mortgagor, without objection from him, and thereafter caused the same to be duly sold under foreclosure, May 12, 1890. The value of the

mortgaged property was then $6,000, and the value of the stock of liquors and cigars had been reduced by sales, at that date, to the sum of $400. At the time of the execution of the mortgage the stock of liquors, etc., was being sold in the saloon at retail, in the usual course of business; and the purchaser continued the business thereafter in the same way, until the stock and saloon fixtures were taken possession of by the defendant under his mortgage. When he executed the mortgage, Berwin, the mortgagor, owed no debts, but at the time defendant took possession in April he was and still is indebted to divers persons besides the defendant, and was insolvent; and thereafter such proceedings were had that on the 5th day of July, 1890, the plaintiff was duly appointed receiver in insolvency of his property and effects, and brings this action as such receiver, to have the chattel mortgage in question declared fraudulent and void as to the creditors represented by him, and to reach the proceeds of the foreclosure sale in defendant's hands as assets of the insolvent, and asks that they be turned over and applied to the payment of his debts. The court, upon the facts above stated, ordered judgment for the plaintiff receiver.

1. It will be observed that the mortgage on its face expressly authorized Berwin to sell at retail the stock of goods mortgaged as his own property, in the ordinary course of business. It is the doctrine of this court that such provision made the mortgage fraudulent in law as to the creditors of the mortgagor. *Chophard* v. *Bayard*, 4 Minn. 418, (533;) *Horton* v. *Williams*, 21 Minn. 187; *Stein* v. *Munch*, 24 Minn. 390; *First Nat. Bank of Fergus Falls* v. *Anderson*, Id. 435; *Mann* v. *Flower*, 25 Minn. 500, 507. In this we have adopted the doctrine of the New York courts. In *Southard* v. *Benner*, 72 N. Y. 424, 431, the court uses this language: "Such an arrangement, included in and making a part of the written instrument of mortgage, would clearly invalidate it as fraudulent in law, as that term is understood; that is, would be conclusive evidence of fraud in fact, and would be so held by the court as matter of law." It may be regarded as the settled rule in this state.

2. In the cases above cited no reference is made to the distinction suggested here between existing and subsequent creditors of the

mortgagor. Berwin's debts were all subsequent to the mortgage, and the plaintiff receiver represents subsequent creditors only. But the rule clearly applies to debts incurred subsequently to the execution of the mortgage, and while the mortgagor is in possession of the goods under it, as in this case, for the reason that the direct and natural tendency of such possession of the property and dominion over it is to enable the mortgagor to hold himself out to the world as owner, with all the outward *indicia* of ownership, and to obtain a credit by reason thereof to which he is not entitled, while the mortgage would operate as a shield or cover to ward off his creditors, and protect the property in his possession from being applied to satisfy his debts. Bump, Fraud. Conv. 123–126 ; *Bannon* v. *Bowler*, 34 Minn. 416, (26 N. W. Rep. 237.)

3. And where the mortgage confers the power to sell, a provision requiring the mortgagor in possession to replenish and keep up the stock will not render it valid. The vicious element still inheres in it, and it remains fraudulent as to creditors. *Greenebaum* v. *Wheeler*, 90 Ill. 296.

4. Nor are its character and effect in any way modified by the fact that there was in fact no *mala fides* on the part of the parties to the transaction. *Blakeslee* v. *Rossman*, 43 Wis. 116. They must take the risk of the consequences which the law attaches to their acts. And whether the intentions of either were good or bad makes no difference in the construction of the mortgage, which the law adjudges fraudulent and void as to creditors, and their claims will necessarily be preferred to one whose act places it in the power of the debtor to obtain a false credit, and enables him to hinder, delay, or defraud them. The law imputes to him the intention necessarily implied from the nature of the instrument.

5. The case of *First Nat. Bank of Fergus Falls* v. *Anderson*, 24 Minn. 435, is cited by the defendant as authority for the proposition that the resumption of the possession of the property by the mortgagee under the authority given in the mortgage, after default and in proceedings to foreclose, without any objection on the part of the mortgagor, and before any proceedings instituted in behalf of the other creditors, was a *bona fide* disposition of the property, and that

the defendant thereby acquired a valid title thereto. The case cited is not in point here. It did not refer to the disposition of the property under and in pursuance of the mortgage, as was the case here, but an independent, *bona fide* disposition of the property by the mortgagor to the mortgagee, and is quite distinguishable from *Stein* v. *Munch*, 24 Minn. 390, where the court say: "It is not in the power of the mortgagee or his assigns to remove the original taint of the mortgage, and make it good, by taking so much of the mortgaged property as has not been sold by the mortgagor into possession *under and by virtue of the mortgage.*" Wait, Fraud. Conv. (2d Ed.) § 357, and cases cited. In this case the defendant took the property under and by virtue of the mortgage, which he proceeded to foreclose. It was not a new arrangement entered into between the parties for the *bona fide* disposition of the property to the mortgagee. It was taken, it is true, without objection on the part of the mortgagor; that is, he was passive, and did not resist the proceedings which the mortgage expressly provided for, and which were valid and lawful as between the parties. His tacit consent did not change the nature of the proceedings, which were under and by virtue of the mortgage. The defendant was a party to the mortgage, and he took under it with notice of its fraudulent character. The property, and the proceeds or value thereof, obtained by him in lieu thereof, were held by him subject to the claims of the creditors, and, as to them, he must be held to stand in the shoes of the mortgagor, or as trustee for them. *Chamberlain* v. *O'Brien*, 46 Minn. 80, (48 N. W. Rep. 447.)

6. Under the insolvency act, the receiver is entitled to maintain this action. He is authorized by the statute to bring suits to set aside fraudulent conveyances and reach assets of the insolvent fraudulently disposed of. And it is not necessary that the claims of the creditors should have first been reduced to judgment. The receiver proceeds by virtue of his statutory powers. *Merrill* v. *Ressler*, 37 Minn. 82, (33 N. W. Rep. 117;) *Chamberlain* v. *O'Brien. supra; Southard* v. *Benner*, 72 N. Y. 424.

7. It is insisted by the defendant that since, by the terms of the mortgage, the mortgagor is only authorized to sell the stock in trade, the mortgage, though void as to the liquors and cigars, is valid as re-

spects the fixtures and other property to which the license did not extend. The better opinion, supported by *Horton* v. *Williams,* 21 Minn. 187, is that the entire instrument is vitiated by the fraudulent provision as to a part of the goods. *Russell* v. *Winne,* 37 N. Y. 591, and cases cited; *Holt* v. *Creamer,* 34 N. J. Eq. 181; *Mead* v. *Combs,* 19 N. J. Eq. 112; *Wallach* v. *Wylie,* 28 Kan. 138, 153. The unlawful design permeates the mortgage. The purpose was to authorize the mortgagee to continue and carry on the saloon business as owner in the use and sale of such parts of the property as were necessary for such purpose. The transaction must be considered as a whole. A chattel mortgage must be given in good faith, and, when it appears that one object was to defraud creditors, the entire instrument is, in legal judgment, void. This is the only sound and safe rule. Wait, Fraud. Conv. (2d Ed.) § 434; Bump, Fraud. Conv. (3d Ed.) p. 487.

It does not appear from the record how much the claims of the creditors amount to, or whether the whole amount sued for will be required to satisfy such claims; but the defendant does not urge the point in his argument. The matter can be adjusted by the court, and any surplus which may remain, and which would otherwise come back to the debtor, the defendant, as his assignee, will be entitled to.

Order affirmed.