(113 N. W. 102.)

---

A. O. MADSON v. HERMAN RUTTEN, SHERIFF OF RAMSEY COUNTY, NORTH DAKOTA.

Opinion filed October 23, 1907.

**Trial — Motion for Directed Verdict — Renewal at Close of Evidence.**

1. Error cannot be predicated upon the ruling of the trial court in denying defendant's motion for a directed verdict made at the close of plaintiff's case in chief, where defendant subsequently introduces evidence, and does not renew his motion at the close of all the evidence. Such ruling, if error, was thereby waived by the defendant.

**Chattel Mortgages on Stock of Merchandise — Power of Sale Without Accounting.**

2. A chattel mortgage upon a stock of merchandise which contains a stipulation authorizing the mortgagor to sell the same in the ordinary course of business at retail, without requiring the net proceeds of such sale to be applied upon the mortgage indebtedness, is conclusively deemed to be fraudulent and void as to the creditors of the mortgagor.

**Same.**

3. The fact that the mortgagee under such mortgage takes possession of the mortgaged property pursuant to the terms of the mortgage for the purpose of foreclosure, before a creditor of the mortgagor asserts his rights, does not operate to validate such instrument or in any manner affect the rights of such creditor. But where the mortgagee in good faith takes possession of the property and in due form forecloses the mortgage, and sells the property to a third person for full value, such purchaser acquires a good title to the property, and the creditors of the mortgagor cannot pursue the same in his hands.

**Same — After Acquired Property — Intention of Parties.**

4. It was the intention of the parties to the mortgage as disclosed by such instrument that additions made from time to time for the purpose of replenishing the stock should be included in and covered by a lien of such mortgage, and this intent will be given effect.

**Same — Attachment of Mortgaged Property — Waiver of Lien.**

5. It was claimed that the mortgagee caused a writ of attachment to be levied upon the property in question, and thereby waived the lien of the mortgage. Whether such a levy was made is not determined as such levy, if made, would not have this effect under the facts disclosed in the record.

**Appeal — Evidence — Error Without Prejudice.**

6. Certain rulings of the trial court, relating to the admissibility of evidence examined, and *held* not prejudicial.

**Same — Discretion — Order of Proof.**

7. This court will not reverse the trial court on account of receiving evidence out of its proper order, except in a clear case of abuse of discretion.

Action by A. O. Madson against Herman Rutten, as sheriff, for refusal to make a levy under a warrant of attachment. Judgment for plaintiff, and defendant appeals.

Reversed, and a new trial ordered.

*B. D. Townsend,* for appellant.

Creditors can assail the validity of the mortgage only while the property mortgaged was the mortgagor's. Sullivan et al. v. Miller, 13 N. E. 772; Wolcott v. Ashenfelter, 23 Pac. 780; Parker v. American Ex. Bank, 27 S. W. 1071; Barton v. Sitlington, 30 S. W. 514; Gregory v. Whedon, 1 N. W. 309; Ayers, et al. v. Sundback, 58 N. W. 4; Blakeslee v. Rossman, 43 Wis. 116; Read v. Wilson, 22 Ill. 377; Cameron v. Marvin, 26 Kan. 612; 11 Cobbey Chat. Mortgages, Secs. 765, 770, 773, 774, 941; Jones on Chattel Mortgages, sections 178, 333, 345, 350.

*Burke & Middaugh* and *Murphy & Duggan,* for respondent.

Commingling of goods subject to mortgage with those not so subject, by mortgagee, makes all subject to attachment. Graham v. Plate, 40 Cal. 593; Tufts v. McClintock, 28 Me. 295; Root v. Bonema, 22 Wis. 539; Jenkins v. Steanka, 19 Wis. 126; Williams v. Morrison, 28 Fed. 873; 6 Am. & Eng. Enc. Law (2d. Ed.) 596;

Daumel v. Gorman, 6 Cal. 43 ; Robinson v. Holt, 39 N. H. 557 ; Wilson v. Lane, 33 N. H. 466 ; Lewis v. Whittemore, 5 N. H. 364.

There is no error in admission of evidence where there is no prejudice. Vidger v. Grt. No. Ry. Co., 107 N. W. 1083, 15 N. D. 501.

FISK, J.   This appeal is from a judgment rendered by the district court of Ramsey county pursuant to a verdict directed in respondent's favor.   The action was brought to recover damages on account of appellant's refusal to make a levy under a warrant of attachment upon certain personal property claimed to be the property of one John H. Jones, who was defendant in an action commenced by this respondent in the district court of Grand Forks county, in which action such warrant of attachment was issued. The principal question involved is as to whether Jones, in so far as his creditors were concerned, was the owner of this merchandise (being a stock of confectionery) at the time the warrant of attachment came into the hands of the appellant.   At the close of plaintiff's case in chief, defendant moved for a directed verdict in his favor, which motion was denied, and at the close of all the evidence plaintiff moved for a directed verdict in his favor, which motion was granted.   Numerous assignments of error are set forth in appellant's brief, but it will be unnecessary to consider them separately.   They relate to the court's refusal to grant appellant's motion for a directed verdict, the granting of respondent's motion, and the rulings of the trial court on the admissibility of certain evidence.

Whether it was error to deny appellant's motion for a directed verdict it is unnecessary for us to decide, as such ruling, if error, was waived by appellant by thereafter submitting evidence and by not renewing such motion at the close of all the evidence. Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000 ; Colby v. McDermont, 6 N. D. 495, 71 N. W. 772 ; Tetrault v. O'Connor, 8 N. D. 15, 76 N. W. 225 ; Bank v. Bank, 9 N. D. 319, 83 N. W. 221 ; Ward v. McQueen, 13 N. D. 153, 100 N. W. 253.

Was it error to grant plaintiff's motion for a directed verdict? Appellant's counsel earnestly insist that this question must be answered in the affirmative, for two reasons.   He contends (1) that there was no evidence showing that Jones, the defendant in the attachment suit, owned any of the property in question at the time

the warrant of attachment came into the hands of appellant; and (2) that whatever title Jones theretofore possessed in the property had vested in one S. L. Wineman prior to the date on which such warrant of attachment was placed in appellant's hands by virtue of the foreclosure sale thereof pursuant to the power of sale contained in a certain chattel mortgage executed by said Jones upon the property on March 11, 1901. It is contended by respondent's counsel that this mortgage was void upon its face as to creditors, because by its terms it covered a stock of merchandise and authorized the mortgagor to remain in possession of and to sell the same in the ordinary course of business, at retail, without accounting for and applying upon the indebtedness secured by the mortgage the net receipts from such sales; and they also contend that this mortgage did not include renewals of stock and hence that such mortgage did not cover the property in controversy. It is necessary to a full understanding of the questions involved to briefly refer to the facts. As stated in appellant's brief: "On the 11th day of March, 1901, Louise Roble sold a certain stock of cigars and confectionery to John H. Jones. In part payment of the purchase price, Jones executed and delivered to Roble 48 promissory notes, each for the sum of $25, one of which notes was due and payable on the 10th day of each month, commencing May 10, 1901. To secure the payment of said notes, Jones mortgaged said stock of merchandise to Roble on said 11th day of March, 1901. By the terms of such mortgage, Jones was permitted to remain in possession of said stock of goods and sell the same in the ordinary course of business at retail, 'for which purpose, and which purpose only, said second party does make and constitute said first party her agent to sell and dispose of the stock above described in the store where the same is now situated, at retail, and to keep an accurate account of such sales, and to pay over to said second party on the 10th day of each and every month, beginning with the 10th day of May, 1901, the sum of $25, with interest thereon,' etc. The mortgage contained a provision that, if said stock of merchandise should be reduced in value to an amount less than $1,800, the same should constitute a default. The stock became reduced in value to $1,050, and on January 26, 1902, the mortgagee took possession of the same and foreclosed the mortgage, the sale taking place on February 8, 1902. At the time the foreclosure sale was taking place, fourteen wholesale firms claim-

ing to be creditors of Jones caused to be distributed among some of the bidders at the sale a notice stating that the mortgage aforesaid was void as against creditors because of its provision permitting the mortgagor to sell and dispose of the merchandise, and warning all persons not to become purchasers at said sale. Notwithstanding such notice, the sale proceeded and the property was purchased by S. L. Wineman for the sum of $1,500. No action or proceedings of any kind was taken by any creditor or other person prior to the time of such foreclosure sale by which any person sought to acquire a lien upon said stock, or in any manner challenge the validity of the mortgage." After the foreclosure sale all of the persons having claims against Jones assigned them to respondent. On February 13, 1902, respondent commenced an action in the district court of Grand Forks county against Jones to recover the amount of said claim, which aggregated $760.98. In that action a warrant of attachment was duly issued and delivered to appellant on February 14, 1902, for service. It is appellant's refusal to levy said warrant upon the property in question which is the subject of this action.

Was the evidence sufficient to show ownership of the property or any portion thereof in Jones on the date such warrant was placed in appellant's hands? If so, it was defendant's duty to levy said warrant of attachment. We think the evidence was amply sufficient to show such fact, unless Jones was divested of his ownership by the foreclosure sale to Wineman, and this calls in question the validity of such foreclosure sale, and whether all the property transferred to Wineman at the foreclosure sale was covered by the mortgage. Respondent's counsel contend that the mortgage was void as to the creditors of Jones, and that as a necessary consequence the foreclosure sale was also void, and did not operate to divest Jones of his ownership in the property as against them. Appellant's counsel contend, first, that such mortgage was valid; and, second, that, even though it were void as to creditors of Jones, still it was valid as between the parties, and the taking possession of the property by the mortgagee and the foreclosure and sale thereof under the mortgage pursuant to the power of sale contained therein, before being attacked by creditors operated to divest the mortgagor of ownership and transfer the title to the purchaser, and that the only remedy, if any, left to the creditors of the mortgagor, was to pursue the proceeds

of such sale.   The authorities relied upon to support this argument are Sullivan v. Miller, 106 N. Y. 635, 13 N. E. 772; Wolcott v. Ashenfelter, 5 N. M. 442, 23 Pac. 780, 8 L. R. A. 691; Parker v. Bank (Tex. Civ. App.) 27 S. W. 1071; Barton v. Sitlington, 128 Mo. 164, 30 S. W. 514; Gregory v. Whedon, 8 Neb. 373, 1 N. W. 309; Ayers v. Sundback, 5 S. D. 31, 58 N. W. 4; Blakeslee v. Rossman, 43 Wis. 126; Read v. Wilson, 22 Ill, 377, 74 Am. Dec. 159; Cameron v. Marvin, 26 Kan. 612;. Francisco v. Ryan, 54 Ohio St. 307, 43 N. E. 1045, 56 Am. St. Rep. 711; Kay v. Noll, 20 Neb. 380, 30 N. W. 269; Smith v. Roever, 55 Mo: App. 448; Mallmann v. Harris, 65 Mo. App. 127; 2 Cobbey, Chattel Mortgages, sections 765, 770, 773, 774, 941; Jones, Chattel Mortgages, sections 178, 333, 345, 350.   Most of these cases merely announce the rule that where, after the execution of a mortgage, which is void as to creditors, the parties thereto make a new agreement under which possession of the mortgaged property is turned over to the mortgagee, a valid lien is thereby created.   None of them go to the extent of holding, aside from the cases from Illinois and Missouri, that the mere taking possession of the property by ·the mortgagee for the purpose of foreclosure without the express consent or agreement of the mortgagor has the effect of validating such instrument.   The great weight of authority, and, as we think, · the better reasoned cases, hold that the mere fact that the mortgagee in such a mortgage takes possession of the property under the terms of the instrument for the purpose of foreclosure will not operate to validate the same and that the creditors may pursue the property in his hands.   See Blakeslee v. Rossman, supra; Janvrin v. Fogg, 49 N. H. 340, 351; Fearey v. Cummings, 41 Mich. 376, 1 N. W. 946; Mandeville v. Avery, 124 N. Y. 376, 26 N. E. 951, .21 Am. St. Rep. 678; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11; Rathbun v. Berry, 49 Kan. 735, 31 Pac. 679, 33 Am. St. Rep. 389; Wilson v. Voight, 9 Colo. 614, 13 Pac. 726; Gallagher v. Rosenfield, 47 Minn. 507, 50 N. W. 696; Stein v. Munch, 24 Minn. 390; Durr v. Wildish, 108 Wis. 401, 84 N. W. 437; Baumbach Co. v. Bobkirk, 104 Wis. 488, 80 N. W. 740; Wells v. Langbein (C. C.) 20 Fed. 183; In re Beede (D. C.) 138 Fed. 441; 2 Cobbey, Chatt. Mtges., section 795; Jones, Ch. Mtges. (4th Ed.)   section 409. Blakeslee v. Rossman, supra, is a leading case upon the subject, and the able opinion of that . distinguished jurist, Chief Justice Ryan, is deserving of careful perusal.

Our attention has been called to no case, however, and we have found none, going to the extent of holding that where, under such a mortgage, the mortgagee has in good faith and for the purpose of satisfying a bona fide indebtedness secured by such mortgage, not only taken possession of the property for the purpose of foreclosure, but, in fact, has foreclosed in due form and sold the property to a bona fide purchaser for full value, that the creditors can thereafter pursue the property in the hands of such purchaser. It seems to us that it would be a strange rule which would permit creditors of the mortgagor to wait until bona fide purchasers who are strangers to the mortgage have invested their cash in the property and then levy upon the same as the property of their debtor and subject it to the payment of their claims. Even though the mortgage was voidable as to the creditors of the mortgagor, still, as between the parties, it was effective, and therefore a foreclosure sale under the power therein contained, if fully consummated before the plaintiff's warrant of attachment was issued, we think would operate to transfer title from the mortgagor to the purchaser at such sale, especially when such purchaser is not a party to the mortgage, and paid full value for the property without notice of the claims of such creditors. We cannot yield our assent to the rule contended for by respondent's counsel. We think the fallacy of their argument consists in the fact that they treat the mortgage as void in the strict sense of the word; but it is not void. It is merely voidable. It is a perfectly valid instrument as between the parties and all persons, except creditors of the mortgagor who may choose to avoid the same. And, if the creditors do not attack, we see no reason why the mortgagee cannot realize upon the security through a foreclosure sale, the same as he could do if the instrument was perfectly valid. If this be sound, then the mortgagor would, by such foreclosure sale, be completely divested of his title to the property whether purchased by a third person or by the mortgagee himself. Of course, if the instrument was absolutely void, then no act of the mortgagee in taking possession under the mortgage or in foreclosing the same could operate to divest Jones of his interest in the property. The rule which is universally recognized to the effect that such a mortgage is valid between the parties, although void as to creditors, simply means that, in the absence of interference by the creditors of the mortgagor, the mortgage shall have full force and effect the same as any

other mortgage, but that it shall in no manner obstruct or interfere with the right of creditors to pursue the property covered thereby, while the same is owned by the mortgagor, whether the possession of such property is still in the mortgagor or whether the mortgagee has taken and retained the same under the terms of the instrument for the purpose of foreclosure. The property remains subject to attachment at the suit of creditors of the mortgagor until such time as he has been divested of the title by a foreclosure sale. It would be both unreasonable and grossly inequitable to carry the rule further than this, and permit creditors to pursue such property after it has passed into the hands of the purchaser for value and in good faith at the foreclosure sale. It will not be contended that if there had been no mortgage, Jones, the mortgagor, could not have made a valid sale of the property under which the same would have passed beyond the reach of such attacking creditors, but it is in effect asserted that he could not give a mortgage, perfectly valid between the parties, under which his title to the property could be transferred under a foreclosure sale pursuant to the power contained in such mortgage.

Having arrived at the above conclusion, it is unnecessary for us to determine the question as to the validity of the mortgage referred to, but we will briefly notice this point. As before stated, it was given to secure the payment of 48 promissory notes of $25 each, payable on the 10th day of each month, and covered a stock of confectionery and fixtures sold by the mortgagee to the mortgagor. By a stipulation in the mortgage, the latter was permitted to remain in possession and to make sales in the ordinary course of business, at retail, but no provision was contained therein requiring the net proceeds of such sales to be applied upon the mortgaged indebtedness. It permitted the mortgagor to conduct the business in every respect the same as if such mortgage was not in existence. He was permitted to sell for cash or on credit, at his option, and was not required to render accounts of the business to the mortgagee, nor, what is still more fatal, was he required to turn over any portion of the receipts from sales other than the monthly payments of $25 aforesaid to be applied upon the mortgage debt. Therefore, the inevitable result of this mortgage was to hinder and delay the mortgagor's general creditors. That the same was fraudulent in law and therefore voidable as to creditors we entertain no doubt. This is too apparent for discussion. The

mortgage involved in Bergman v. Jones, 10 N. D. 520, 88 N. W. 284, 88 Am. St. Rep. 739, was less vicious in this respect than the instrument in the case at bar, and the rule there announced is controlling. Under nearly all the authorities, such a mortgage has been held invalid as against creditors of the mortgagor.

It is contended by respondent that the mortgage did not cover all the stock transferred to Wineman, and that to the extent of the goods not so covered no title was acquired by him, but that the same was on February 14th still the property of Jones, and hence subject to attachment by his creditors. This contention is based upon the theory that some of the goods were additions made to the stock after the mortgage was executed, and that by the terms of such instrument these additions were not included; but an examination of the mortgage as contained in the printed abstract convinces us that there is no merit in this contention. It was clearly the intention of the parties that additions to the stock made for the purpose of replenishing the same should be covered by the lien of the mortgage, and such intention will be given effect. This is well settled. Ayres v. Sundback, 5 S. D. 31, 58 N. W. 4; Armstrong v. Ford, 10 Wash. 64, 38 Pac. 866; Cadwell v. Pray, 41 Mich. 307, 2 N. W. 52.

It is also urged by respondent's counsel that the attempted fore-closure sale was void, and hence did not pass the title of the property to Wineman, for the reason, as stated, that Roble, the mortgagee, commenced an action against Jones to recover the purchase price of the property, and in such action caused an attachment to be levied upon the same, thereby waiving her right under the mortgage, and, further, that such property at the date of the sale was held under such attachment. The record is somewhat vague and uncertain as to the facts regarding these attachment proceedings, and we are unable to determine just what took place. It clearly appears, however, that immediately upon taking possession of the property under the mortgage Roble proceeded to advertise and sell the same in the usual manner pursuant to the power of sale contained in the instrument, and even if she caused the property to be seized under the writ of attachment, which we do not determine, her subsequent conduct shows that she must have released and abandoned such levy, and in any event it appears to be well settled that she did not by such attachment waive the lien of the mortgage. Byram v. Stout, 127 Ind. 195, 26 N. E. 687; Thurber

v. Jewett, 3 Mich. 295; Ellinwood v. Holt, 60 N. H. 57; Barchard v. Kohn, 157 Ill. 579, 41 N. E. 902, 29 L. R. A. 803.

This brings us to appellant's assignments of error relating to the rulings of the trial court as to the admissibility of certain evidence. By these rulings certain witnesses were not permitted to answer questions propounded to them by defendant's counsel. No offer of proof was made, and it does not appear that defendant was in any way prejudiced by such rulings, even conceding that they were erroneous. Hence error cannot be predicated thereon. Halley v. Folsom, 1 N. D. 325, 48 N. W. 219; Mordhorst v. Telephone Co., 28 Neb. 610, 44 N. W. 469.

Certain evidence was admitted over appellant's objection that the same was not proper rebuttal testimony, and appellant assigns error thereon. It is unnecessary for us to decide whether defendant's objections were well founded, as an appellate court will not reverse the trial court on account of receiving evidence out of its proper order, except in a clear case of abuse of discretion. No such abuse of discretion is disclosed by the evidence. Petersburg School District v. Peterson, 14 N. D. 351, 103 N. W. 756; State v. Werner (N. D.) 112 N. W. 60. It is unnecessary for us to notice these assignments further.

For the foregoing reasons, the judgment appealed from must be reversed, and a new trial ordered. All concur.