### SCHAUPP v. MILLER.

#### (District Court, D. Oregon. July 21, 1913.)

#### No. 5,608.

BANKRUPTCY (§ 184*)—TRANSFERS—VALIDITY—EFFECT OF TAKING POSSESSION BY MORTGAGEE.

In states where the rule prevails that a chattel mortgage of a merchandise stock under which the mortgagor is permitted to retain possession and sell without accounting to the mortgagee for the proceeds is fraudulent in fact and void ab initio, the taking of possession by the mortgagee before the bankruptcy of the mortgagor does not validate his lien as against other creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

In Equity. Suit by A. W. Schaupp, as trustee in bankruptcy of S. E. Forestrom, against Ole Miller. Decree for complainant.

Bauer & Greene and A. H. McCurtain, all of Portland, Or., for complainant.

A. M. Runnells, of Joseph, Or., and Sheahan & Cooley, of Enterprise, Or., for defendant.

BEAN, District Judge. From the stipulation of facts it appears that the two mortgages under which the defendant claims cover a stock of general merchandise and after they were executed and recorded the bankrupt was permitted by the mortgagee to continue in possession of the goods and sell the same at retail in the usual course of business, without paying any of the proceeds on the mortgage indebtedness, or in any manner accounting to the mortgagee therefor, but applying the same to his own use. About two months prior to the adjudication the mortgagee, learning that the bankrupt was so deeply

involved in debt that he could not continue in business, demanded possession of the stock of goods alleged to be covered by the mortgages and the same was delivered to him, to be sold and disposed of "by virtue of the said chattel mortgage" for the purpose of paying the indebtedness secured thereby and the expenses of foreclosure, and the surplus, if any, to be paid to the mortgagor's creditors.

From the facts as so stipulated it is apparent that the mortgages were originally invalid, but the position of the defendant is that the possession taken by him in pursuance of the terms of the mortgage before the adjudication and before other creditors had seized the property cured the defect. The effect of a mortgagee taking possession of property covered by a mortgage like the one in question has been much discussed by the courts, and there is not entire harmony in the decisions. It seems to depend on whether the mortgage is regarded as fraudulent in fact and void ab initio, or only presumptively fraudulent. In Oregon such a mortgage is held to be fraudulent in fact and from the beginning, for the reason, as stated by Mr. Justice Moore in Fisher v. Kelly, 30 Or. 1, 46 Pac. 146, "it is for the mortgagor's own use and benefit." Orton v. Orton, 7 Or. 478, 33 Am. Rep. 717; Jacobs v. Irvin, 9 Or. 52; Bremer v. Fleckenstein, 9 Or. 266; Aiken v. Pascall, 19 Or. 493, 24 Pac. 1039; Fisher v. Kelly, supra; Sabin v. Wilkins, 31 Or. 450, 48 Pac. 425, 37 L. R. A. 465. Where such a rule prevails, the courts generally hold that possession taken by the mortgagee does not purge the original transaction of its fraudulent character, because a void instrument cannot be the foundation of a valid lien. Catlin v. Currier, 1 Sawy. 7, Fed. Cas. No. 2,518; Wells v. Langbein (C. C.) 20 Fed. 183; Robinson v. Elliott, 22 Wall. 513, 22 L. Ed. 758; Edmondson v. Hyde, 2 Sawy. 205, Fed. Cas. No. 4,285; In re Antigo Screen Door Co., 123 Fed. 249, 59 C. C. A. 248; Mandeville v. Avery, 124 N. Y. 376, 26 N. E. 951, 21 Am. St. Rep. 678; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11; Blakeslee v. Rossmann, 43 Wis. 116; Stein v. Munch, 24 Minn. 390; Madson v. Rutten, 16 N. D. 281, 113 N. W. 872, 13 L. R. A. (N. S.) 554; Zartman, Trustee, v. First Nat. Bank, 189 N. Y. 267, 82 N. E. 127, 12 L. R. A. (N. S.) 1083.

In the absence of authoritative ruling by the courts of the state, I feel constrained to follow the authorities cited, and direct a decree in favor of the plaintiff.